WILBUR F. STUDEBAKER *et al.* v. O. F. JOHNSON *et al.*

1. PURCHASE-MONEY, *Not Received, Sheriff not Allowed to Show.* After a sale of real estate has been made by a sheriff on an order of sale, and the sale confirmed by the court, the sheriff cannot be allowed to show that he has not received the purchase-money on the sale. (*Ferguson v. Tutt,* 8 Kas. 370.)

2. OFFICIAL BOND — *Liability of Sureties of Sheriff.* Where such sale has been made and duly returned, but before the confirmation thereof, the term of office of the sheriff expires and he is reëlected to the office, and afterward such sale is confirmed and the property conveyed to the purchaser, *held,* in an action against the sheriff and his bondsmen on his official bond for his second term of office, that such bondsmen are not liable for the money the sheriff ought to have received but did not receive during his first term of office; and further, *held,* that the sheriff is liable independently of such bond.

*Error from Jewell District Court.*

ACTION brought by the plaintiffs in error against the defendants in error. Trial by the court at the June term, 1887. The special findings made by the court sufficiently state the facts, and are as follows:

"At the regular election of 1881, the defendant O. F. John-

son was first elected sheriff of Jewell county, Kansas, his term of office beginning on the second Monday of January following; and in the fall of 1883 he was reëlected, and held such office until January, 1886.   In April, 1883, the plaintiffs obtained judgment in the district court of Jewell county against one John O'Conner for over $2,000, and at the commencement of said action procured the levying of an order of attachment on certain lands described in the petition, and on the 17th day of April thereafter, procured from said court an order for the sale of said lands under said attachment, and after the rendition of the judgment in said action.   Pursuant to said order of sale said sheriff caused to be appraised and duly advertised· the land described in said petition, and offered the same at public sale, and sold the same to one Owen Dunlevy, and before the expiration of his term of office made due return of said order of sale to the court with his proceedings indorsed thereon.

"Afterward, and during the defendant sheriff's (Johnson's) second term of office, said sale was confirmed by the court, and said sheriff was ordered by the court to make a deed to the said land to one Owen Dunlevy, which he did in September, 1884; and the plaintiffs in this action claim, and the return of the sheriff on said order of sale shows that the sheriff sold said land for the sum of $711.

"It is conceded by both parties that the sheriff has paid to the plaintiffs in this action only $200 on said account, said sheriff claiming in this action that that sum was all that he ever actually received on said sale, and this action is brought against the sheriff and his bondsmen on his official bond for his second term of office by the plaintiffs, to recover the difference between the sum so paid and the purchase-price as shown by said return.   The defendants L. D. Reynolds and C. McCarthy & Brother were sued in this action as sureties on the defendant Johnson's official bond as sheriff for the second term.

"The order of the court confirming the sale and ordering the sheriff to make a deed to Owen Dunlevy to the land in question, was an ordinary order of confirmation, and no certificate or other special proceedings were had in connection with said order as provided in § 465, chapter 80, of the code of civil procedure, and no money came into the hands of the defendant Johnson from the sale of said land during his second term of office."

Judgment was rendered for the defendants.   Plaintiffs bring the case here for review.

*R. S. Hanley,* for plaintiffs in error.

*C. Angevine,* for defendants in error.

Opinion by CLOGSTON, C.: Plaintiffs contend that upon the findings of fact found by the court they were entitled to a judgment against Johnson, as sheriff, and the sureties on his official bond. Whatever money was received by Johnson as sheriff under the order of sale was received during his first term of office. This money was duly paid over to the plaintiffs. It was his duty, however, at the time of making the sale to collect all of the purchase-money; and where a sheriff fails to collect all of the purchase-money at a sale made by him under an order of sale, and afterward makes his return showing such sale to have been regular, and allows the same to be confirmed, it is then too late for him to contradict the recitals of his return. (*Ferguson v. Tutt,* 8 Kas. 370; *Thompson v. Building Ass'n,* 23 id. 209.) It being his duty to receive the money at the time of the sale, which was during his first term of office, the sureties on his second bond, executed afterward, would not be liable, although the sale was confirmed and a deed to the property made during the term of office for which they gave bond. Therefore, as to the judgment against the sureties on the second bond, or bond sued on, it must be affirmed.

Plaintiffs, however, insist that as their petition set forth the entire transaction, and showed the liability of the sheriff for the balance of the purchase-money, they are entitled to a judgment against Johnson as sheriff for the money. In this we think the plaintiffs are correct. He was liable to the plaintiffs for the remainder of the purchase-money, and no cause of action would exist upon either bond unless the sheriff would have been liable had no bond been given. The sheriff's liability is not fixed by the bond, but he is liable for his official acts or for the non-performance of such things as the law makes it his duty to do, independently of his bond. (*Forsythe v. Ellis,* 20 Am. Dec. 218.) Johnson and his bondsmen are liable for his official acts during the first term of his office, and are liable

for all money received by him during that term of office, and liable for all money which it was his duty to collect upon this sale; but as the record shows that there were some other matters which the court did not pass upon, and also shows that there were some other payments made to the plaintiffs in addition to the $200 received at the sale by the sheriff and turned over by him to the plaintiffs, and that a certain tax-sale certificate upon the property sold under the order of sale was assigned to them by the purchasers at the sheriff's sale, which was afterward redeemed, and the money received by the plaintiffs, which of course they would have to account for — for these reasons a new trial must be ordered. It is therefore recommended that the judgment of the court below be reversed, and the cause remanded for a new trial according to the views herein expressed.

By the Court: It is so ordered.

All the Justices concurring.