B. A. CASSADY and AMERICAN SURETY COMPANY OF NEW YORK v. DAVID SHOLTZ, as Governor, for the use and benefit of C. M. Edwards.

169 So. 487.

Division A.

Opinion Filed June 29, 1936.

Rehearing Denied June 28, 1936.

*Duncan, Hamlin & Duncan,* and *John S. Lavin,* for Plaintiffs in Error;

*Wells & Hall* and *J. B. Gaines,* for Defendant in Error.

PER CURIAM.—An action at law was begun in the name of Doyle E. Carlton, as Governor of the State of Florida, for the use and benefit of C. M. Edwards, against B. A. Cassady, Sheriff of Lake County, and the American Surety Company of New York, as surety, upon the official bond of the said Sheriff.

The following facts, in substance, were agreed to by counsel for both parties:

C. M. Edwards, on January 14, 1929, had issued a writ of attachment to aid in the foreclosure of a chattel mortgage held by and being foreclosed by C. M. Edwards, against W. H. Harris, B. A. Cassady, Sheriff of Lake County at that time, and a defendant in this cause of action, levied the writ of attachment on certain personal property of the defendant Harris, which the sheriff took into his custody. On February 13, 1929, final decree in favor of plaintiff was entered in that foreclosure suit, which was affirmed on appeal in Harris v. Edwards, 99 Fla. 477, 126 So. 943.

On February 2, 1931, the Special Master appointed by the court in the case of Edwards v. Harris, demanded of B. A. Cassady, Sheriff of Lake County, that said Sheriff

surrender and deliver unto him for the purpose of sale, in accordance with the final decree, the property theretofore attached, but the Sheriff "wholly failed, neglected and refused then, theretofore and thereafter to deliver said property or any part thereof to said Special Master."

The declaration, in the instant case, set up the execution of the sheriff's official bond by which B. A. Cassady, Sheriff, and the American Surety Company of New York jointly and severally obligated themselves to be bound to John W. Martin, as Governor of the State of Florida, and his successors in office in an amount in excess of the sum demanded by plaintiff. The bond was conditioned upon the diligent and faithful performance by B. A. Cassady of all of the duties of his said office as prescribed by law as such sheriff. The declaration alleged, in effect, that the said sheriff had not diligently and faithfully performed all of the duties required of him by law as such sheriff, because of his failure, as hereinabove detailed, to deliver the attached property in the case of Edwards v. Harris to the Special Master. A copy of the official bond was made an exhibit to the declaration.

The defendants filed their joint and several demurrer to the declaration substantially upon the following grounds among others:

(1) Said declaration states no cause of action against these defendants or either of them; (2) it affirmatively appears that C. M. Edwards, the real plaintiff, has no legal right to sue upon the bond referred to in said declaration; (3) it affirmatively appears that said real plaintiff cannot bring this action against these defendants, or either of them, in the manner and form alleged; (5) it affirmatively appears that the alleged violation of the conditions of the bond sued upon did not give the real or use plaintiff the

right to sue upon said bond, nor the right to use the name of said nominal plaintiff.

The court, after having heard the argument of counsel, overruled the defendants' demurrer and allowed them until the next rule day in which to plead to the declaration.

Thereafter, the defendants filed certain pleas. After several sets of pleas were stricken, and the last set of pleas held good, counsel for both parties thereupon agreed to a certain stipulated set of facts, substantially as set forth above; and submitted the case to the trial judge for decision upon the pleadings and the stipulation of facts.

The trial court, after argument of counsel, found for the plaintiff and assessed his damages at $1,860.00; and entered final judgment in favor of plaintiff for that amount plus costs of the court.

From this final judgment, defendants took writ of error.

The only error assigned on this writ of error is the ruling of the trial court in overruling the defendants' demurrer to the declaration.

So the sole question to be decided is whether a sheriff's official bond is given for the protection of individuals or whether it is given solely for the protection of the public.

An official bond binds the sheriff no further than he would be liable without it. The sole object of the bond is to secure the faithful performance of official duty. And no official act can be considered a breach of the condition of the bond to faithfully execute the duties of the office, unless it would, without bond, amount to a breach of official duty. See Studebaker v. Johnson, 41 Kan. 326, 21 Pac. 271, 13 A. S. R. 287; Forsyth v. Ellis, 4 J. J. Marsh (Ky.) 298, 20 Am. Dec. 218.

"Generally speaking, the purpose of an official bond is to provide indemnity against malfeasance and misbehavior

in public office, the misuse of powers belonging to the office, and the assumption, under guise of official action, of powers not belonging to it. All acts so performed, though unlawful or wrongful, are official acts within the meaning of an undertaking that an officer shall faithfully and impartially discharge the duties of his office; and as such may be reasonably considered to have been within the contemplation of the sureties at the time they entered into the undertaking, as constituting a breach of its conditions." 24 R. C. L. 956, Sec. 50.

"Hence it is that sureties for an officer are liable only in the event of his failure to perform his duty; and the obligation they assume refers only to such liabilities as arise within the fair intendment and meaning of the obligation itself. It is not an engagement for general good behavior on his part aside from such official duty; neither is the bond of a sheriff liable at the suit of third persons unless the officer is expressly bound thereto by the duty of his office. The reason for this is that while a sheriff owes a twofold duty, one to the public and one to private individuals who are concerned in the execution of civil and quasi-civil process, and is liable upon his official bond for a breach of such duty, the duty in either event must be direct; the cause of action must result to the party injured; and it must operate as a deprivation of an existing right." 24 R. C. L. 957, Sec. 51.

Independent of statutory provisions, the right of a plaintiff to maintain an action against an officer and his sureties for a failure to make a return has been generally conceded. Note 25 Am. Dec. 569, 573.

"Yet as a general rule individuals who have suffered loss within the scope of the bond's protection may bring suit on the bond notwithstanding the fact that the state may be

named as obligee in the bond. When necessary the private suitor has the right to sue thereon for his own benefit in the name of the state, or of the United States, as the case may be, and before bringing suit, he need not obtain the permission of any court." 22 R. C. L. 517, Sec. 204.

The condition of the bond in this case was that the Sheriff, B. A. Cassady, "shall diligently and faithfully perform *all of the duties* of his said office as prescribed by law." One of the duties of the office of sheriff as prescribed by statute is that he shall execute, either personally or by one of his deputies, all process of the circuit court, Sec. 4572 C. G. L. Sheriff Cassady did, in the case of Edwards v. Harris, levy the writ of attachment upon the personal property of Harris and take the same into his official custody; but after the case had been decided in favor of Edwards and affirmed on appeal, Harris v. Edwards, 99 Fla. 477, 126 So. 843, it is alleged that he "wholly failed, neglected and refused then, theretofore and thereafter to deliver said property or any part thereof to said Special Master." (Emphasis supplied.)

The circuit court has jurisdiction over chancery cases, and cases within such jurisdiction which involve the rights of private individuals against private individuals. The duty of the sheriff *to execute all process* of the circuit court in chancery cases, places upon him the statutory duty of executing process in cases between private individuals. The levying of the writ of attachment on the personal property of Harris was part of the execution of that process; and the delivery of that property to the Special Master, for purposes of sale, according to the final decree, which was affirmed by the Supreme Court, was another part of the execution of that process. (Emphasis supplied."

The failure or refusal of the Sheriff to deliver the prop-

erty to the Special Master for purposes of sale in accordance with the final decree of the Chancellor, affirmed by the Supreme Court, amounted to a failure or refusal on the part of the Sheriff to execute the process of the circuit court in chancery; and was a clear violation of his official duty owed to individuals. Sec. 4572 C. G. L. Thus the right of the plaintiff to sue upon the official bond of the Sheriff, under the circumstances of this case, is clear; and the demurrer to the declaration was properly overruled by the trial court.

Affirmed.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.

## ON PETITION FOR REHEARING.

PER CURIAM.—The statute provides that a sheriff's official bond with sureties shall be "payable to the Governor of the State of Florida and his successors in office, conditioned for the faithful performance of the duties of his office." Sec. 4568 (2871) C. G. L.

The duties of a sheriff relates to official service rendered to private parties as well as to governmental entities; and the manifest intent of the statute is that any party who is injured by the breach of official duty to such party may have action against the signers of the sheriff's official bond in the name of the Governor of the State for the use of the injured party. The implications and intendments of a statute are as effective as are the express provisions.

Rehearing denied.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD, and DAVIS, J. J., concur.