589 So.2d 451 (1991)
LIBERTY BUSINESS CREDIT CORPORATION, a Pennsylvania corporation, Appellant,
v.
SCHAFFER/DUNADRY, a Florida general partnership; Schaffer Properties, Inc., a Florida corporation and Dunadry Development U.S., Inc., a Florida corporation, individually and as general partners of Schaffer/Dunadry, a Florida general partnership; and Kalin Enterprises, Inc., a Florida corporation successor by merger to Kalin Financial, Inc.,; Robert E. Schaffer; Joyce C. Schaffer; and Niall Falloon, Appellees.
No. 90-03616.
District Court of Appeal of Florida, Second District.
November 20, 1991.
Harris K. Solomon, Brinkley, McNerney, Morgan & Solomon, Fort Lauderdale, for appellant.
James E. Aker, Icard, Merrill, Cullis, Timm, Furen & Ginsburg, P.A., Sarasota, for appellees.
THREADGILL, Judge.
The appellant challenges an order denying its motion for determination of credit *452 against guarantors of a mortgage debt. The motion necessitated an evidentiary hearing as to the amount of deficiency, if any, owed on the mortgage after foreclosure. We reverse the order on the ground that the trial court abused its discretion in disallowing the appellant's evidence.
The appellant sued to foreclose a mortgage and enforce guaranties on the mortgage debt. The trial court entered final summary judgment which determined the amount due on default to be $925,682.23, subject to set-off for the amount bid at the foreclosure sale or the property's fair market value at the time of the foreclosure sale as established by the court, whichever was greater. The amount of any deficiency owed remained to be determined by the trial court in order to enter judgment against the guarantors.
The appellant's bid of $1,000, was the only bid at the foreclosure sale, and a clerk's certificate of sale was issued accordingly. The appellant filed a motion requesting that the trial court determine the amount of credit to be given to the guarantors under the judgment. At the evidentiary hearing, a dispute arose as to whether the appellant or the appellees had the burden to go forward with the motion. The trial court stated, "[i]t doesn't matter who goes first, anyway. I'm listening to all the evidence." Counsel for the appellant responded, "[i]f Your Honor is going to make a decision that I have the burden of proof, then I will start my case." Appellees' counsel then offered to proceed with its witnesses, and the trial court accepted this offer. After the appellees presented expert testimony as to the fair market value of the foreclosed property, the hearing was continued to a later date. On the second day of the hearing, the trial court refused to consider testimony from the appellant's witnesses as to fair market value. The trial court found that the appellant had refused to proceed with its motion, and had therefore failed to meet its burden of proving that the foreclosed property was worth less than the outstanding debt. The trial court denied the appellant's motion for determination of credit, and declared the judgment satisfied upon the appellees' evidence of fair market value.
The burden to prove that the fair market value of assets received is less than the total indebtedness is upon the secured party. Thunderbird, Ltd. v. Great American Ins. Co., 566 So.2d 1296, 1298 (Fla. 1st DCA 1990); Norwest Bank Owatonna, N.A. v. Millard, 522 So.2d 546, 547 (Fla. 4th DCA 1988). The amount bid at a judicial sale "may be considered by the court as one of the factors in determining a deficiency under the usual equitable principles." § 45.031(8), Fla. Stat. (1989). In foreclosure cases, there is a legal presumption that the foreclosure sale price equals the property's fair market value. Thunderbird, 566 So.2d at 1299. Therefore, once the party seeking a deficiency judgment introduces evidence of the foreclosure sale price, the burden shifts to the judgment debtor to present evidence concerning the property's fair market value. Fara Mfg. Co., Inc. v. First Federal Sav. and Loan Ass'n of Miami, 366 So.2d 164 (Fla. 3d DCA 1979); Thunderbird, 566 So.2d at 1299.
The instant record reflects that the appellant presented a copy of the certificate of sale, reflecting the sale price, to the trial court at the hearing. Once this evidence was presented, the appellees had the burden of presenting contrary evidence on the issue of value. Thunderbird, 566 So.2d at 1299. The appellees were permitted to present such evidence. However, upon recommencement of the hearing, instead of permitting the appellant to present its witnesses in rebuttal, the trial court ruled the appellant was not entitled to a deficiency as it had refused to present its evidence of value. We find that the trial court abused its discretion in making such a ruling. In light of the trial court's statement that it did not matter which party went first, and its acceptance of the appellees' offer to proceed, it should have permitted the appellant to present its witnesses.
Accordingly, we reverse the order denying the motion for determination of credit *453 and satisfying final judgment, and remand for a de novo determination as to whether the appellant is entitled to a deficiency judgment. At the hearing, the parties should proceed consistent with the holdings of Thunderbird and Fara.
Reversed and remanded.
RYDER, A.C.J., and HALL, J., concur.