PATTERSON, Acting Chief Judge.
The state appeals from an order of the Pasco County Court declaring section 316.193(6)(d), Florida Statutes (1993), the DUI vehicle impoundment law, to be unconstitutionally vague. We affirm.
After the trial court declared the impoundment provision unconstitutional, Raymond Muller pleaded no contest to DUI, and was adjudicated guilty and placed on probation. Section 316.193(6)(d), Florida Statutes (1993), states, in pertinent part:
In addition to the penalty imposed under paragraph (a), paragraph (b), or paragraph (e), the court shall also order the impoundment or immobilization of the vehicle that was driven by, or in the actual physical control of, the person who is convicted [of DUI],
Paragraphs 6(a), (b), and (c) provide for the punishment for conviction of DUI. Although the statute refers to impoundment as an additional penalty, the court must impose the penalty of impoundment on the owner or subsequent purchaser of the vehicle, even if the owner is not the defendant. We do not reach the due process issues relating to innocent third-party owners because this defendant, as the owner of the vehicle, has no standing to raise these questions. See State v. Summers, 651 So.2d 191 (Fla. 2d DCA 1995); State v. Ginn, 660 So.2d 1118 (Fla. 4th DCA 1995), review denied, 669 So.2d 251 (Fla.1996).
The impoundment statute is fatally defective because it provides no mechanism for enforcement. It does not state how the vehicle is to be impounded or define immobilization. The vehicle is not impounded on the arrest of the defendant; impoundment does not occur until after the defendant has completed his sentence, when the court has lost jurisdiction. At that point in time, the vehicle must be sought out and taken into custody. The law does not designate who is to carry out that task. The court obviously does not have personnel to carry out such a function. If impoundment is the duty of some branch of law enforcement, this court is unable to determine whether the duty would fall upon the arresting agency, the sheriff of the county of arrest, or an agency in the county where the vehicle is located. If we were able to determine that the duty fell upon some agency of the executive branch of the government, we question the court’s au *727 thority to require that agency to expend manpower and resources to accomplish im-poundment without legislative direction.
As our supreme court in Bouters v. State, 659 So.2d 235, 238 (Fla.), cert. denied, — U.S. —, 116 S.Ct. 245, 133 L.Ed.2d 171 (1995), explained:
[I]f arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application....
Grayned v. City of Rockford, 408 U.S. 104, 108-09, 92 S.Ct. 2294, 2298-99, 33 L.Ed.2d 222 (1972) (footnotes omitted).' In other words, a government restriction is vague if it “either forbids or requires the doing of an act in terms so vague that men of common intelligence must necessarily guess at its meaning and differ as to its application.” Connally v. General Construction Co., 269 U.S. 385, 391, 46 S.Ct. 126,127, 70 L.Ed. 322 (1926).
We determine section 316.193(6)(d) to fall within that definition and affirm the trial court.
ALTENBERND and WHATLEY, JJ., concur.