693 So.2d 976 (1997)
STATE of Florida, Appellant,
v.
Raymond G. MULLER, Appellee.
No. 88221.
Supreme Court of Florida.
May 15, 1997.
*977 Robert A. Butterworth, Attorney General and Patricia E. Davenport, Assistant Attorney General, Tampa, and Bernie McCabe, State Attorney and C. Marie King, Assistant State Attorney, Clearwater, for Appellant.
Robert E. Jagger, Public Defender and Anne M. Sylvester, Sixth Judicial Circuit, New Port Richey, for Appellee.
GRIMES, Justice.
The State appeals the decision in State v. Muller, 681 So.2d 725 (Fla. 2d DCA 1996), declaring section 316.193(6)(d), Florida Statutes (1993), to be unconstitutionally vague. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const.
Section 316.193(6)(d), which is a subdivision of the driving under the influence (DUI) statute, reads in pertinent part:
(d) In addition to the penalty imposed under paragraph (a), paragraph (b), or paragraph (c), the court shall also order the impoundment or immobilization of the vehicle that was driven by, or in the actual physical control of, the person who is convicted, unless the court finds that the family of the owner of the vehicle has no other public or private means of transportation.
The length of the impoundment or immobilization depends upon the extent of previous DUI convictions.
Raymond Muller was arrested for DUI. Muller pled no contest and was placed on probation after being adjudicated guilty. The trial court declined to impose the additional penalty of vehicle impoundment, finding that the impoundment provision was unconstitutional.
The State appealed the trial court's determination of the statute's unconstitutionality. The district court of appeal affirmed, reasoning that section 316.193(6)(d) was unconstitutionally vague because it provides no mechanism for enforcement and fails to define "immobilization."
A statute is generally considered vague if it does not give people of ordinary intelligence fair notice of what constitutes forbidden conduct. Warren v. State, 572 So.2d 1376 (Fla.1991). In analyzing section 316.193(6)(d), the district court of appeal attempted to fit its holding into the traditional vagueness analysis by citing to Bouters v. State, 659 So.2d 235 (Fla.1995). However, the issue in Bouters was whether the statutory definition of "harasses" in the stalking statute provided defendants with adequate notice of what conduct was proscribed. In contrast to the statute challenged in Bouters, section 316.193(6)(d) does not delineate prohibited conduct.
Section 316.193(6)(d) merely sets forth an additional penalty of vehicle impoundment. The subsection itself provides notice that upon a conviction of DUI, the driver's vehicle will be impounded. See State v. Ginn, 660 So.2d 1118 (Fla. 4th DCA 1995) *978 (drivers are given notice of impoundment in the same way that they have notice that they can be fined and jailed if convicted of DUI), review denied, 669 So.2d 251 (Fla.1996). The concern of the district court of appeal with respect to who will be effecting the impoundment is of no import to the DUI defendant facing the impoundment and does not rise to the level of a constitutional violation.[1] In addition, we cannot agree that the absence of a definition of "immobilization" renders the statute unconstitutionally vague. The fact that his or her vehicle is rendered immobile with a locking device as an alternative to impoundment should come as no surprise to one convicted of DUI.
Muller does not seriously argue that the statute is unconstitutional for the reasons discussed by the district court of appeal. Rather, Muller's main contention is that the impoundment law violates the dueprocess rights of nondefendant owners. However, as noted by the court below, Muller lacks standing to raise this claim, as he owned the vehicle used in the crime. Broadrick v. Oklahoma, 413 U.S. 601, 610, 93 S.Ct. 2908, 2914-15, 37 L.Ed.2d 830 (1973). We also reject Muller's contention that the impoundment law violates his equal protection rights because it treats defendant-owners, defendant-borrowers, and defendant-lessees differently. The classifications created by the statute clearly bear a rational relationship to a legitimate State objective.
Accordingly, we hold that section 316.193(6)(d) is not unconstitutionally vague and reverse the decision of the district court of appeal.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] We note in passing that section 30.15, Florida Statutes (1993), provides that the sheriff shall execute all process of the county court. See Cassady v. Sholtz, 124 Fla. 718, 169 So. 487 (1936) (duty of sheriff to execute process includes levying of writ of attachment and delivering personal property for sale).