DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**HEATHER EPSTEIN,**
Appellant,

v.

**BANK OF AMERICA, NATIONAL ASSOCIATION, AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE UNDER THE SECURITIZATION SERVICING AGREEMENT DATED JULY 1, 2004 STRUCTURED ASSET SECURITIES CORPORATION STRUCTURED ASSET INVESTMENT LOAN TRUST MORTGAGE PASS-THROUGH CERTIFICATES,
SERIES 2004-7,**
Appellee.

No. 4D13-4066

[January 28, 2015]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. 07 29745CA.

Donna Greenspan Solomon of Solomon Appeals, Mediation & Arbitration, Fort Lauderdale, and Roy D. Oppenheim, Geoffrey E. Sherman, and Jacquelyn K. Trask of Oppenheim & Pilelsky, for appellant.

Manuel S. Hiraldo of Blank Rome, LLP, Boca Raton, for appellee.

CONNER, J.

The homeowner appeals the trial court's order granting the bank's motion to vacate the final summary judgment of foreclosure, sale, and certificate of title. The homeowner argues that the trial court erred in granting the motion filed over three years after the final summary judgment was entered. We agree and reverse.

*Factual Background and Trial Court Proceedings*

The problem began when the mortgage was signed using an incorrect legal description for the real property. Subsequently, the bank filed a foreclosure complaint. In December 2009, a final summary judgment of foreclosure was entered using the incorrect legal description. The foreclosure sale was conducted the following August with the bank as the highest bidder. Shortly thereafter, a certificate of title containing the incorrect legal description was issued to the bank.

Two years later, in September 2012, the bank filed its first motion to vacate the final summary judgment, sale, and certificate of title. The motion was filed pursuant to Florida Rule of Civil Procedure 1.540(b)(1), alleging that, "due to an inadvertent mistake," the legal description of the property in the mortgage was incorrect, and therefore, the bank needed to amend the complaint to add a reformation count. It also alleged that the incorrect legal description in the foreclosure judgment prevented the bank from obtaining clear title to the property. In October 2012, the trial court entered an order denying the bank's motion, "without prejudice."

In January 2013, the bank filed its second motion to vacate. This second motion was also filed pursuant to Florida Rule of Civil Procedure 1.540(b)(1), but, additionally, pursuant to rule 1.540(b)(4), on the added grounds that the final judgment was void. In this motion, the bank admitted that it was made aware of the error in the legal description in the mortgage and final judgment in October 2010, ten months after the judgment was entered. The motion alleged that the error in the legal description in the final judgment was clouding the title to property owned by a third party.

A hearing was held on the bank's second motion. At the hearing, the homeowner objected to the bank's second motion, arguing that the trial court did not have jurisdiction to hear the motion because rule 1.540(b)(1) has a one-year time limit for vacating a judgment, and the bank's motion was filed more than a year after the judgment was entered. The bank renewed its argument that the incorrect legal description rendered the judgment void, making the one-year time limitation inapplicable. The trial court granted the bank's second motion. This appeal follows.

*Appellate Analysis and Disposition*

"An appellate court reviews an order on a rule 1.540(b) motion for relief from judgment under an abuse of discretion standard." *Phadael v. Deutsche Bank Trust Co. Ams.*, 83 So. 3d 893, 894 (Fla. 4th DCA 2012).

2

"If a judgment is 'void' then under rule 1.540(b) it can be attacked at any time, but if it is only 'voidable' then it must be attacked within a year of entry of the judgment." *Condo. Ass'n of La Mer Estates, Inc. v. Bank of New York Mellon Corp.*, 137 So. 3d 396, 398 (Fla. 4th DCA 2014)  Thus, the determining factor in this case is whether the final judgment was void due to an error in the legal description in the mortgage and judgment.

Regarding the difference between judgments that are void and those that are voidable, we have explained:

> Florida courts have long drawn a distinction between a "void" judgment and a "voidable" judgment.  A void judgment is one entered in the absence of the court's jurisdiction over the subject matter or the person.  *See, e.g., Sterling Factors Corp. v. U.S. Bank Nat'l Ass'n*, 968 So. 2d 658, 665 (Fla. 2d DCA 2007); *Palmer v. Palmer,* 479 So. 2d 221, 221 (Fla. 5th DCA 1985) ("If a court has subject matter jurisdiction and that jurisdiction has been properly invoked by pleadings and properly perfected by service of process, its judgments, although erroneous as to law or fact and subject to reversal on appeal, are nevertheless not void.").

*Miller v. Preefer*, 1 So. 3d 1278, 1282 (Fla. 4th DCA 2009).  "In contrast, a voidable judgment is a judgment that has been entered based upon some error in procedure that allows a party to have the judgment vacated, but the judgment has legal force and effect unless and until it is vacated." *Zitani v. Reed*, 992 So. 2d 403, 409 (Fla. 2d DCA 2008) (citing *Sterling Factors*, 968 So. 2d at 665)).

The bank argues that the judgment was void "because the owner of the property identified in the judgment was not made a party to the underlying case."  To support this contention, the bank cites to *Community Federal Savings & Loan Ass'n of the Palm Beaches v. Wright*, 452 So. 2d 638 (Fla. 4th DCA1984).  In *Wright*, the guardian for a minor, and not the minor himself, was the only defendant in a foreclosure action against the *minor's* property.  *Id.* at 640.  After the foreclosure, when he was evicted from the home, the minor was first made aware of the foreclosure and brought a motion under rule 1.540 to vacate the default judgment.  *Id.*  The trial court entered an order vacating the default judgment, and this court affirmed, stating that "[i]t is well established that in an action to foreclose a mortgage the owner of the fee simple title is an indispensable party."  *Id.*  Since the minor, as owner of the property, was never made a party to the foreclosure action, the judgment of foreclosure was void.  *Id.* at 641.

The bank argues that the instant case is similar to *Wright,* and that the final summary judgment in this case is void because the due process rights of the owner of the described property in the mortgage and judgment were violated in that the actual owner was never made a party to the action. However, there are two problems with the argument. First, there is no evidence in the record that there *is* an owner of the described property other than the homeowner named in the complaint, or that the property, as described in the mortgage and judgment, even exists.[1] Second, if the property described in the mortgage and final judgment does exist, and if there is an owner of the property other than the homeowner named in the complaint, *that owner* was not the party challenging the final summary judgment. "[C]onstitutional rights are personal and may not be asserted vicariously." *Broadrick v. Oklahoma,* 413 U.S. 601, 610 (1973). This also holds true specifically for due process challenges. *See State v. Muller,* 693 So. 2d 976, 978 (Fla. 1997) (holding that a defendant lacked standing to challenge a violation of the due process rights of the non-defendant owners of a vehicle). Therefore, the due process argument that the judgment is void is not applicable in this case.[2]

Although not cited by either party, we agree with the analysis of the Second District regarding the authority of the court to correct errors in the legal descriptions in mortgages and foreclosure judgments:

> When a mortgage contains an incorrect legal description, a court may correct the mistake before foreclosure. If, however, the mistaken legal description is not corrected before final judgment of foreclosure, and the mistake is carried into the advertisement for sale and the foreclosure deed, a court cannot reform the mistake in the deed and judgment; rather, the foreclosure process must begin anew.

*Lucas v. Barnett Bank of Lee Cnty.,* 705 So. 2d 115, 116 (Fla. 2d DCA 1998) (citing *Fisher v. Villamil,* 62 Fla. 472, 56 So. 559 (1911)). As the Second District noted, "[w]hile the mortgagee who bid its mortgage at the sale

---

[1] The legal description in the final judgment indicates the mortgage lien applied to a portion of a platted subdivision lot, using a metes and bounds description. It is unclear from the record whether the problem with the legal description is that the metes and bounds description does not close or some other problem.

[2] For the same reason, the bank's reliance on *Hutchinson v. Chase Manhattan Bank,* 922 So. 2d 311 (Fla. 2d DCA 2006), is misplaced. There, the appellant was a third party owner, who was not a party to the suit, contesting the foreclosure sale.

4

might have understood exactly what property was being offered, other potential bidders at the sale might not have had the same understanding." *Id.*

As to the named parties in this proceeding, there is no issue of subject matter jurisdiction or personal jurisdiction. We therefore determine that the final summary judgment was voidable, not void, and the bank's motion to vacate was time-barred under rule 1.540(b).

*Reversed and remanded.*

CIKLIN and FORST, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**