DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EUGENE CORNELIUS,**
Appellant,

v.

**STEPHEN HOLZMAN** and **UNKNOWN TENANTS OF 4395 ELEVEN MILE ROAD, FT. PIERCE, FLORIDA 34995,**
Appellees.

No. 4D15-549

[June 8, 2016]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; James W. Midelis, Senior Judge; L.T. Case No. 562011CA000948.

Aaron V. Johnson of Collins, Brown, Barkett, Garavaglia & Lawn, Chartered, Vero Beach, for appellant.

Mary Ellen R. Himes of Fidelity National Law Group, Fort Lauderdale, and Eric L. Hostetler of Widerman Malek, PL, Melbourne, for appellees.

MAY, J.

The borrower purchased a home and borrowed money from the lender. The two parties executed a note and mortgage. The mortgage contained the address and a legal description that read:

> The South 278 feet of the East 295 feet of the Northeast 1/4 of the *Southeast* 1/4 of Section 33, Township 35 South, Range 39 East, St. Lucie County, Florida; less and except therefrom the right of way for Eleven Mile road.

(Emphasis added).

Subsequently, the borrower received a corrective warranty deed for the property, which had a slightly modified legal description:

> The South 278 feet of the East 295 feet of the Northeast 1/4 of the *Southwest* 1/4 of Section 33, Township 35 South,

Range 39 East, St. Lucie County, Florida; less and except therefrom the right of way for Eleven Mile road.

(Emphasis added).

The lender filed a three-count foreclosure complaint alleging: (1) breach of note, (2) mortgage foreclosure, and (3) reformation of part of the note concerning the payment date. Both the complaint and the attached mortgage contained the incorrect legal description indicating "Southeast."

Upon the lender's motion, a clerk's default was entered against the borrower. The trial court then entered a final judgment after default in favor of the lender, who then bought the property. The borrower moved to vacate the final judgment and set aside the sale because he was not properly served. The parties entered into an agreed order to vacate the final judgment, set aside the sale, and waive service of the complaint.

The lender again moved for a default when the borrower failed to file a responsive pleading. The clerk again defaulted the borrower. The lender moved for a final judgment after default, which the trial court granted and entered on March 11, 2013. The final judgment contained the incorrect legal description with "Southeast," which was also contained in the mortgage and complaint.

On February 14, 2014, the lender filed a "Motion to Vacate Final Judgment and for Leave to File Amended Verified Foreclosure Complaint." The lender asked the trial court to vacate the final judgment because it contained an incorrect legal description. He also requested leave to amend the complaint pursuant to Florida Rule of Civil Procedure 1.190, and attached an amended complaint with the correct legal description. The court heard argument on the motion and denied it without prejudice.

On July 30, 2014, almost one year and five months after the final judgment, the lender filed an "Amended Motion to Amend Final Judgment, or in the Alternative, Vacate Final Judgment and for Leave to File Amended Verified Complaint and Request for Hearing." He requested relief under rule 1.540(b)(4), arguing the final judgment was void due to the incorrect legal description. He also argued the final judgment could be amended and requested leave to amend the complaint.

On October 13, 2014, the trial court heard argument on the amended motion and granted it under rule 1.540(a). It determined that the final judgment contained "a clerical or scrivener's error arising from oversight or omission," because of the difference in the incorrect "Southeast" and

the correct "Southwest." It found rule 1.540(a) applied and granting the motion would not prejudice the borrower.

The borrower moved for rehearing, arguing the trial court lacked jurisdiction to amend the final judgment, allowing the amendment violated his due process rights, the incorrect legal description is not a scrivener's error under rule 1.540(a), and the lender would have to vacate the judgment and re-file his complaint. The court denied the borrower's motion for rehearing. The court entered the amended final judgment with the correct legal description. From this order, the borrower now appeals.[1]

> Orders on rule 1.540(b) motions generally are reviewed for an abuse of discretion. However, where there is no factual dispute and the trial court's decision is based on a pure question of law, the review is de novo. Furthermore, when the underlying judgment is void, the trial court has no discretion and is obligated to vacate the judgment.

*Segalis v. Roof Depot USA, LLC*, 178 So. 3d 83, 85 (Fla. 4th DCA 2015) (internal citations omitted).

The borrower argues the lender's rule 1.540(b) motion was untimely because he filed the motion outside the one-year time limit and the final judgment was voidable, not void. The lender responds that the borrower failed to provide a transcript of the hearing to show what was argued to the trial court. Because the trial court based its decision on rule 1.540(a), the borrower's timeliness arguments are irrelevant.

A hearing transcript is unnecessary for us to determine the issues raised. "Where the hearing at issue is non-evidentiary and consists only of legal argument, the failure to provide a transcript is not necessarily fatal to appellate review." *Rollet v. de Bizemont*, 159 So. 3d 351, 357 (Fla. 3d DCA 2015); *see Shahar v. Green Tree Servicing LLC*, 125 So. 3d 251, 254 (Fla. 4th DCA 2013).

Rule 1.540(b) states, in part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following

---

[1] This was the subject of a motion to dismiss, which we denied. The borrower filed an amended notice of appeal when the trial court entered the amended final judgment.

reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; or (5) that the judgment or decree has been satisfied, released, or discharged, or a prior judgment or decree upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment or decree should have prospective application. *The motion shall be filed within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment, decree, order, or proceeding was entered or taken.*

Fla. R. Civ. P. 1.540(b) (emphasis added). Here, the allegation must have been under subsection (1), because the lender argued the legal description was incorrect.

To move under subsection (1), the lender would have to move under rule 1.540(b) within one year of the final judgment. *Id.* The trial court entered the final judgment on March 11, 2013. The lender did not file his amended motion to amend final judgment until July 30, 2014, which does not meet the time constraints enumerated in rule 1.540(b) for subsections (1), (2), and (3).

Although the lender also filed a motion to vacate on February 14, 2014, the lender moved under rule 1.190, an incorrect rule, and the trial court summarily denied it. The amended motion to amend final judgment asserted some arguments similar to the motion to vacate, but it also requested new relief. This rendered the amended motion to amend final judgment a new motion that was untimely under rule 1.540(b).[2] In short, the trial court lacked jurisdiction to rule on the motion. Absent an exception from subsections (4) or (5), the trial court lost jurisdiction over the case to address the lender's claim. *See NAFH Nat'l Bank v. Aristizabal*, 117 So. 3d 900, 902 (Fla. 4th DCA 2013).

---

[2] Although the trial court cited rule 1.540(a) of the Florida Rules of Civil Procedure in its order and amended the final judgment as a clerical mistake, the amendment was substantive in nature because it changed the legal description of the property foreclosed upon. "A trial court has no authority under [r]ule 1.540(a) to make substantive changes." *Lorant v. Whitney Nat'l Bank*, 162 So. 3d 244, 245 (Fla. 1st DCA 2015) (citation omitted) (internal quotation marks omitted).

The lender argues his motion could travel under subsection (4) of rule 1.540(b) because the incorrect legal description made the final judgment void. *See Epstein v. Bank of Am.*, 162 So. 3d 159, 161 (Fla. 4th DCA 2015). However, *Epstein* held that an erroneous legal description in a final judgment makes the final judgment voidable, not void. *Id.* at 160–62. Thus, the trial court lacked jurisdiction to hear the amended motion to amend final judgment because it was filed more than one year after rendition of the final judgment and no exceptions apply.

*Reversed and remanded for the court to vacate the amended final judgment of foreclosure.*

CIKLIN, C.J., and TAYLOR, J., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**