PER CURIAM.
Gavin Caddy (the borrower) timely appeals two post-judgment orders in a foreclosure case: (1) an order partially vacating the final judgment and permitting Wells Fargo Bank, N.Á. to correct the legal description of' the property in the consent judgment, certificate of title, and lis pendens; and (2) an order denying the borrower’s rule 1.640 motion to vacate the final judgment and foreclosure sale and to dismiss the action. We reverse in part .to return the parties to their status at the time the trial court entered the default judgment on the original complaint. ■
*1150 After the borrower stopped making mortgage payments in 2008, the bank filed its original complaint for foreclosure on September 18, 2009. The borrower did not respond, and the trial court entered a default judgment on February 24, 2010.
The bank later realized the legal descriptions in the mortgage and in the deed did not match. The original complaint included the description from the mortgage. On July 19, 2010, the bank filed an amended complaint and requested reformation of the legal description in the mortgage to match the deed. The borrower did not timely answer. On October 6, 2014, he entered a Consent to Final Judgment of Mortgage Foreclosure, and the following day, the court entered a final consent judgment, which changed the legal description in the mortgage as the bank requested. The notice of the foreclosure sale, however, included the legal description of the property from the original mortgage and original complaint. •
Federal National Mortgage Association purchased the property at the foreclosure sale. The certificate of title included the reformed legal description.
The bank and the buyer subsequently learned that the scrivener’s error in the legal description was in the deed and that the original mortgage and original complaint had the correct description. Within one year of the consent judgment, the bank moved pursuant to rule 1.540(b)(1) to amend the lis pendens, the final summary judgment, and the certificate of title nunc pro tunc to correct the legal description of the property and moved to partially vacate the final judgment to delete reformation of the mortgage.
The borrower filed his own motion for relief from judgment and moved to dismiss the action.
Following a hearing, .the trial court granted the relief requested by the bank and denied the borrower’s motions.
On appeal, the borrower raises four issues. We agree that the trial court erred in reforming the legal description without setting aside the consent judgment and certificate of title. The borrower’s other arguments are affirmed.
Here, there was a single numerical error in the deed description that was carried into the amended complaint and consent judgment. Although the buyer and potential bidders had the correct legal description in the advertisement for sale, the judgment did not properly order sale of that property; Because the erroneous legal description was discovered after the final judgment and foreclosure sale, the court could not simply correct the legal description in the judgment and certificate of title. “Rather, reformation required vacating the final judgment, judicial sale, and issuance of title.” Fed. Nat'l Mortg. Ass’n. v. Sanchez, 187 So.3d 341, 343 (Fla. 4th DCA 2016); see also Lucas v. Barnett Bank of Lee Cnty., 705 So.2d 115, 116 (Fla. 2d DCA 1998).
Contrary to the borrower’s arguments, dismissal of the action is not required. Sanchez, 187 So.3d at 343 (agreeing with Wells Fargo Bank, N.A. v. Giesel, 155 So.3d 411 (Fla. 1st DCA 2014)).
Accordingly, we reverse and remand for the trial court to vacate the consent judgment, the sale, the lis pendens, and the certificate of title. This returns the parties to the point where there was a default judgment on the original complaint, which included the correct legal description.
MAY, LEVINE and " KLINGENSMITH, JJ„ concur.