# Third District Court of Appeal

## State of Florida

Opinion filed August 02, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2672
Lower Tribunal No. 12-15813
_____

**Dev D. Dabas and Sumedha Dabas,**
Appellants,

vs.

**Boston Investors Group, Inc., et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Eric Hendon, Judge.

Feldman Law, and Andrew M. Feldman, for appellants.

Jaramillo Law PA, and Sebastian Jaramillo, for appellee Boston Investors Group, Inc.

Before ROTHENBERG, C.J., and SUAREZ and SCALES, JJ.

ROTHENBERG, C.J.

The plaintiffs below, Dev D. Dabas and Sumedha Dabas (collectively, "the

Lenders"), appeal from a non-final order granting defendant Boston Investors Group, Inc.'s ("Borrower") motion to set aside a deficiency judgment as void pursuant to Florida Rule of Civil Procedure 1.540(b)(4). Because we conclude that, as a matter of law, the deficiency judgment is not void, we reverse the trial court's order granting the Borrower's motion for relief from judgment pursuant to rule 1.540(b)(4).

## FACTS

In April 2011, the Borrower executed a mortgage and promissory note in the amount of $450,000 in favor of the Lenders. The Lenders initiated a foreclosure action against the Borrower, and the Borrower filed an answer and affirmative defenses. After the Borrower withdrew its amended answer and affirmative defenses, an unopposed final judgment of foreclosure in favor of the Lenders in the amount $579,409.92 was entered in May 2013. On June 11, 2013, the foreclosed property, which is vacant land located in Pinecrest, Florida, was sold at the foreclosure sale for $65,100 to the Lenders as the highest bidders.

In July 2013, the Lenders filed a motion for entry of a deficiency judgment and a memorandum of law ("motion for a deficiency judgment"), asserting the legal presumption that the foreclosure sale price represented the fair market value of the foreclosed property. The Lenders noticed the hearing on its motion for September 3, 2013, but the notice of hearing did not specifically set the hearing for

2

an evidentiary hearing. The Lenders emailed both the motion for a deficiency judgment and the notice of hearing to the Borrower's counsel of record.[1] The Borrower's counsel of record did not file a response to the Lenders' motion for a deficiency judgment, but he did appear at the September 3rd hearing.

Following the hearing, the trial court entered an order granting the Lenders' motion for a deficiency judgment in the amount of $508,602.62 and ordered the Borrower to complete a Fact Information Sheet (Form 1.997) within 45 days.[2] The order reflects that a copy of the order granting the deficiency judgment was provided to counsel of record and includes a mailing address for the Borrower. There is no transcript of this hearing.

Although the trial court's order granted a deficiency judgment of $508,602.62, the Borrower did not file a motion for rehearing or appeal the trial court's order. Instead, on October 7, 2013, thirty-four days after the deficiency judgment was entered, the Borrower filed a motion for reconsideration of the

---

[1] The record reflects that the Borrower has been represented by numerous attorneys during the proceedings in the lower tribunal and, at times, the Borrower was unrepresented. The Borrower's appellate counsel, Sebastian Jaramillo, did not represent the Borrower when the Lenders filed their motion for a deficiency judgment or at the hearing on the motion for a deficiency judgment. Jaramillo filed his notice of appearance in the lower tribunal on August 8, 2016, and therefore, he is not responsible for any actions or inaction taken prior to that date.

[2] A separate order was subsequently entered for the sole purpose of tracking the language set forth in Florida Rule of Civil Procedure 1.560(c) relating to the completion of Form 1.997, and thus no substantive changes were made to the deficiency judgment.

3

deficiency judgment ("motion for reconsideration"). The motion cites to rule 1.540(b), however, it does not specify under what ground(s) the Borrower was seeking relief and does not track any of the language set forth in rule 1.540(b). Specifically, the motion for reconsideration did not allege that the judgment was void pursuant to rule 1.540(b)(4). Rather, the Borrower merely moved to vacate the deficiency judgment and requested an evidentiary hearing to determine the correct amount of the deficiency, arguing that according to the Miami-Dade Property Appraiser's website, the market value of the foreclosed property was $278,784.

On February 6, 2014, the Borrower filed an amended motion for reconsideration stating that it had obtained an appraisal of the foreclosed property, indicating that the foreclosed property was valued at $650,000 as of June 11, 2013, the date of the foreclosure sale. Once again, the amended motion for reconsideration cited to rule 1.540(b), but failed to cite to any particular ground set forth in rule 1.540(b) or contend that the judgment was void under rule 1.540(b)(4) or voidable under any other provision set forth in rule 1.540(b).[3] The motion for

---

[3] Rather than serving a motion for reconsideration, the Borrower should have served a motion for rehearing under Florida Rule of Civil Procedure 1.530, which provides that "[o]n a motion for rehearing of matters heard without a jury, . . . the court may open the judgment if one has been entered, take additional testimony, and enter a new judgment." Assuming that the motion for reconsideration should have been treated as a motion for rehearing, the motion was untimely filed because it was not served within ten days of the date that the deficiency judgment was filed. Effective January 1, 2014, rule 1.530 was amended to extend the time for serving a

reconsideration and the amended motion for reconsideration were never set for a hearing or ruled on by the trial court.

The Borrower took no further action for approximately two years. However, on March 18, 2016, after learning that an execution had been issued on the deficiency judgment against other real property owned by the Borrower ("the Flagler property"), the Borrower filed a motion to set aside the deficiency judgment and execution, which motion was later amended in April 2016. After the Flagler property was sold at a Sheriff's sale to the Lender, the Borrower withdrew its motion and amended motion to set aside the deficiency judgment and execution.

On September 1, 2016, the Borrower attempted to amend its October 7, 2013 motion for reconsideration and requested that the motion for reconsideration be redesignated as a motion to set aside the deficiency judgment ("motion to amend and to redesignate"), which is the subject of this appeal. In the motion to amend and to redesignate, the Borrower argued that, although the October 3, 2013 motion was labeled as a motion for reconsideration, the content of the motion indicated that the Borrower was actually seeking to set aside the deficiency judgment under rule 1.540(b).

Unlike the motion for reconsideration, the motion to amend and to redesignate cites to specific grounds set forth in rule 1.540(b), including rule

_____

motion for rehearing from ten days to fifteen days.

5

1.540(b)(4), which permits a court to relieve a party from a void judgment at any time. Specifically, the Borrower argued that the deficiency judgment was void because the trial court did not conduct an evidentiary hearing, and thus, the Borrower's due process rights were violated.

Following a hearing, the trial court entered an order granting the Borrower's motion to set aside the deficiency judgment pursuant to rule 1.540(b)(4), finding that the deficiency judgment is void. The Lenders' non-final appeal followed.

**ANALYSIS**

The Lenders contend that, as a matter of law, the deficiency judgment is not void, but merely voidable, and therefore, the trial court improperly granted the Borrower's motion to set aside the deficiency judgment pursuant to rule 1.540(b)(4). We agree.

Generally, a trial court's ruling on a rule 1.540(b) motion for relief from judgment is reviewed on appeal for an abuse of discretion. See Epstein v. Bank of Am., 162 So. 3d 159, 161 (Fla. 4th DCA 2015). However, "[a] decision whether or not to vacate a void judgment is not within the ambit of a trial court's discretion; if a judgment previously entered is void, the trial court must vacate the judgment." Wiggins v. Tigrent, Inc., 147 So. 3d 76, 81 (Fla. 2d DCA 2014). Because the issue of whether a judgment is void presents a question of law, we review the trial court's ruling de novo. See Vercosa v. Fields, 174 So. 3d 550, 552 (Fla. 4th DCA

6

2015) ("Whether a judgment is void is a question of law reviewed de novo.").

"A void judgment is so defective that it is deemed never to have had legal force and effect." Sterling Factors Corp. v. U.S. Bank Nat'l Ass'n, 968 So. 2d 658, 665 (Fla. 2d DCA 2007). In contrast, a voidable judgment is a judgment that has been entered based upon some error in procedure that allows a party to have the judgment vacated, but the judgment has legal force and effect unless and until it is vacated." Id. Generally, a judgment is void if: (1) the trial court lacks subject matter jurisdiction; (2) the trial court lacks personal jurisdiction over the party; or (3) if, in the proceedings leading up to the judgment, there is a violation of the due process guarantee of notice and an opportunity to be heard. Tannenbaum v. Shea, 133 So. 3d 1056, 1061 (Fla. 4th DCA 2014). "Where, however, the court is legally organized and has jurisdiction of the subject matter and the adverse parties are given an opportunity to be heard, then errors, irregularities, or wrongdoing in proceedings, short of illegal deprivation of [an] opportunity to be heard, will not render the judgment void." Tannenbaum, 133 So. 3d at 1061 (internal quotations omitted). "This is particularly true when there is evidence that the party received actual notice of the proceedings generally and timely notice of the entry of any judgment against them." Sterling, 968 So. 2d at 666 (citations omitted).

In the instant case, it is undisputed that the trial court had subject matter jurisdiction and personal jurisdiction over the Borrower. Therefore, we must

7

determine whether the Borrower's due process rights were violated where the noticed hearing was not set as an evidentiary hearing,[4] but the Borrower's counsel of record was timely sent the notice of hearing and appeared at the hearing. Under these circumstances, we conclude that the Borrower's due process rights were not violated because the Borrower received notice of the hearing and was given an opportunity to be heard. Thus, the deficiency judgment was not void. As the judgment was not void, the trial court erred by setting aside the deficiency judgment pursuant to rule 1.540(b)(4).

Because the record on appeal does not contain a transcript of the hearing on the motion for entry of a deficiency judgment, we do not know what occurred at

---

[4] We agree with the Borrower's argument that the hearing on the motion for a deficiency judgment should have been set as an evidentiary hearing because the deficiency, if any, is unliquidated. See Merrill v. Nuzum, 471 So. 2d 128, 129 (Fla. 3d DCA 1985); see also Liberty Bus. Credit Corp. v. Schaffer/Dunadry, 589 So. 2d 451, 452 (Fla. 2d DCA 1991) (noting that an evidentiary hearing is necessary to determine the amount of the deficiency, if any). At an evidentiary hearing on a motion for the entry of a deficiency judgment, the initial burden is on the party seeking the deficiency judgment. See Liberty Bus. Credit, 589 So. 2d at 452. "The correct formula to calculate a deficiency judgment is the total debt, as secured by the final judgment of foreclosure, minus the fair market value of the property, as determined by the court." Khan v. Simkins Indus., Inc., 687 So. 2d 16, 18 (Fla. 3d DCA 1996) (quoting Morgan v. Kelly, 642 So. 2d 1117 (Fla. 3d DCA 1984)). Although there is a legal presumption that "the foreclosure sale price equals the fair market value of the property," Thunderbird, Ltd. v. Great Am. Ins. Co., 566 So. 2d 1296, 1299 (Fla. 1st DCA 1990), the foreclosure sale price is not conclusive. Barnard v. First Nat'l Bank of Okaloosa Cnty., 482 So. 2d 534, 535 (Fla. 1st DCA 1986). "Therefore, once the party seeking a deficiency judgment introduces evidence of the foreclosure sale price, the burden shifts to the judgment debtor to present evidence concerning the property's fair market value." Liberty Bus. Credit, 589 So. 2d at 452.

the hearing. We do know, however, that if the Borrower was unprepared for the hearing or needed more time to be able to present evidence or attack the amount of the deficiency judgment, the Borrower could have sought a continuance, and if the trial court denied the motion for continuance, the Borrower could have filed a timely motion for rehearing or an appeal raising these issues. See Phadael v. Deutsche Bank Trust Co. Americas, 83 So. 3d 893, 895 (Fla. 4th DCA 2012) ("A rule 1.540(b) motion is not a substitute for a motion for rehearing or an appeal."). Instead, the Borrower waited well past the time to raise the arguments he now raises.

Because the judgment is not void, the trial court erred by granting the Borrower's motion for relief from judgment pursuant to rule 1.540(b)(4). Accordingly, we reverse the order granting the Borrower's motion to set aside the deficiency judgment as void.

The remaining arguments raised by the Borrower do not merit discussion.

Reversed.