DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JEROMY RODGERS,**
Appellant,

v.

**DEUTSCHE BANK NATIONAL TRUST COMPANY,** as
Trustee, for The WAMU Mortgage Pass-Through
Certificates, Series 2004-AR12,
Appellee.

No. 4D18-82

[September 26, 2018]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Joel T. Lazarus, Judge; L.T. Case No. CACE-08-041839.

Rashida M. Overby, Tamarac, for appellant.

Allison Morat of Pearson Bitman LLP, Maitland, for appellee.

CONNER, J.

In this appeal of a post-judgment non-final order, the issue is whether the trial court erred in not vacating a final judgment of foreclosure after it was established that there was an error in the legal description of the property in the final judgment. Because the appellant has not demonstrated an abuse of discretion, we affirm the trial court's order denying the motion to vacate the final judgment.

*Background*

Deutsche Bank filed suit to foreclose a mortgage on real property owned by the appellant. The real property, which is the subject of the foreclosure proceeding, is described by a metes and bounds legal description. There is no dispute that the mortgage and foreclosure complaint properly described the real property. Following a nonjury trial, a final judgment of foreclosure was entered, containing scrivener's errors in the legal description of the property. In two instances capital "O"s were used in

degree calls, instead of zeros.  Additionally, one of the description calls in the final judgment erroneously states "8.1°," rather than "81°."

The errors in the legal description contained in the final judgment were carried forward in the advertising for the foreclosure sale, as well as the certificate of title issued subsequent to the sale.  Deutsche Bank was the highest bidder at the sale.  Within a few days after the sale and prior to the issuance of the certificate of title, Deutsche Bank moved to amend the final judgment to correct the scrivener's errors, but the motion was never set for hearing.  The scrivener's errors were carried forward into the certificate of title issued to and recorded by Deutsche Bank.  A few months later, the appellant moved to vacate the final judgment pursuant to Florida Rule of Civil Procedure 1.540(b), contending that in addition to vacating the final judgment, the case should be dismissed once the judgment was vacated.  The appellant alleged three grounds in support of the motion: (1) the case was not at issue when it proceeded to a final hearing; (2) the plaintiff was an unregistered trust doing business in Florida; and (3) the error in the legal description in the final judgment required that the final judgment be vacated and the foreclosure process "must begin anew."

The trial court denied the appellant's motion, without elaboration.  The appellant gave notice of appeal.

*Appellate Analysis*

On appeal, the sole issue the appellant raises is error in not vacating the final judgment.  The appellant does not contend on appeal that the trial court erred in denying his request that the case be dismissed or failing to grant his motion on the other two grounds asserted below.  Thus, those issues raised below are abandoned.  *Polyglycoat Corp. v. Hirsch Distribs., Inc.*, 442 So. 2d 958, 960 (Fla. 4th DCA 1983) ("When points, positions, facts and supporting authorities are omitted from the brief, a court is entitled to believe that such are waived, abandoned, or deemed . . . to be unworthy.").

An order denying a motion to set aside a judgment filed pursuant to rule 1.540(b) is generally reviewed for abuse of discretion.  *Adams v. Estate of Henderson*, 155 So. 3d 485, 487 (Fla. 4th DCA 2015).  However, if the facts are not in dispute, and the trial court's decision is based on a pure question of law, then review is *de novo*.  *Cornelius v. Holzman*, 193 So. 3d 1029, 1031 (Fla. 4th DCA 2016).

A final judgment of foreclosure which contains an inaccurate legal description for the subject property can be vacated pursuant to rule 1.540(b).  *Id.* at 1032.  As the inaccurate legal description renders the

judgment voidable, as opposed to void, relief must be sought within one year after the final judgment is entered. *Id.* In this case, the motion was timely filed.

On appeal, the appellant argues the trial court erred in denying his motion to vacate because the scrivener's errors were substantive and rendered the final judgment voidable.

In *Caddy v. Wells Fargo Bank, N.A.,* 198 So. 3d 1149 (Fla. 4th DCA 2016), we determined that the trial court erred in denying the mortgagor's motion to vacate the final judgment which contained a single numerical error in the deed description that was carried into the amended complaint and consent judgment, even though the correct legal description was used in the advertisement for the sale. *Id.* at 1150. We concluded that, "[b]ecause the erroneous legal description was discovered after the final judgment and foreclosure sale, the court could not simply correct the legal description in the judgment and certificate of title. 'Rather, reformation required vacating the final judgment, judicial sale, and issuance of title.'" *Id.* (quoting *Fed. Nat'l Mortg. Ass'n v. Sanchez,* 187 So. 3d 341, 343 (Fla. 4th DCA 2016)).

Unlike the situation in *Caddy,* here, the error did not occur *prior* to the entry of the final judgment; instead the error first occurred *upon the entry of the judgment itself.* This factual distinction makes principles of law discussed in *Caddy* and the cases cited therein inapplicable. The situation in this case is arguably more in line with the case law discussing errors covered by Florida Rule of Civil Procedure 1.540(a), rather than rule 1.540(b).

Rule 1.540(a) provides:

> (a) Clerical Mistakes. Clerical mistakes in judgments, decrees, or other parts of the record and errors therein *arising from oversight or omission* may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal such mistakes may be so corrected before the record on appeal is docketed in the appellate court, and thereafter while the appeal is pending may be so corrected with leave of the appellate court.

(emphasis added). Florida courts have construed "clerical mistakes" to include "only errors or mistakes arising from an accidental slip or omission, and not errors or mistakes in the substance of what is decided by the judgment or order, the latter of which must be corrected pursuant

to Rule 1.540(b)." *Lorant v. Whitney Nat'l Bank*, 162 So. 3d 244, 245 (Fla. 1st DCA 2015) (quoting *Freeman v. Sanders*, 562 So. 2d 834, 835 (Fla. 1st DCA 1990)); *see Town of Hialeah Gardens v. Hendry*, 376 So. 2d 1162, 1164 (Fla. 1979) (quoting *Keller v. Belcher*, 256 So. 2d 561, 563 (Fla. 3d DCA 1971)). As we have said, "Rule [1.540(a)] limits relief to those seeking to correct errors or misprisions that result from an accidental slip or omission." *McKibbin v. Fujarek*, 385 So. 2d 724, 725 (Fla. 4th DCA 1980).

In this case, the appellant has not furnished us with a transcript of the hearing on his rule 1.540(b) motion. "An appellant has the burden to present a record that will overcome the presumption of the correctness of the trial court's findings." *Zarate v. Deutsche Bank Nat'l Tr. Co.*, 81 So. 3d 556, 557 (Fla. 3d DCA 2012). As noted above, Deutsche Bank filed a motion to amend the final judgment due to scrivener's errors. That motion does not cite any authority and has not been ruled upon by the trial court. However, it appears likely that the trial court denied the appellant's motion out of concern that the more proper remedy for the situation is an amendment of the final judgment. Thus, on this record, we cannot conclude that the trial court abused its discretion in denying the appellant's rule 1.540(b) motion. We take no position on whether rule 1.540(a) relief is appropriate.

*Affirmed.*

WARNER and GROSS, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***