W. A. FISHER AND L. M. FISHER, HIS WIFE, *Appellants,*
  v. E. VILLAMIL AND J. B. JACKSON, *Appellees.*

1. Where the owner of two lots of land intended to execute a mortgage upon a certain lot, but described therein a different lot, after foreclosure of the mortgage and a sale of the property described therein, a court of equity may cancel the master's deed to the property actually mortgaged, sold and conveyed, and reform the mortgage, upon sufficient showing, so as to embrace the land intended to be mortgaged.

2. When a mortgage misdescribes the property intended to be mortgaged, the mistake may be corrected by a proper pro-

ceeding before judicial foreclosure, but if the mistake has been carried into a bill filed for the purpose of foreclosure of such mortgage, into the decree ordering foreclosure, into the advertisement and into the deed, the purchaser at such foreclosure sale cannot maintain a bill in equity. to correct the description of the land as contained in the mortgage, in the decree and in the deed.

If the rule announced in Greeley vs. DeCottes, 24 Fla. 475, 5 South. Rep. 239, and Peck vs. Osteen, 37 Fla. 427, 20 South. Rep. 540, differs from the views here expressed, it is disapproved.

This case was decided by Division B.

Appealed from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*H. P. Baya* and *Wall & McKay,* for Appellants;

*H. S. Hampton* and *Dozier A. DeVane,* for Appellees.

PARKHILL, J.—The appellees filed their bill in equity alleging that the defendants, Fisher and wife, desiring to obtain a loan of eleven hundred dollars from complainants, at request of defendants the complainants went with W. A. Fisher to what he alleged to be his dwelling house and improvements, and Fisher pointed out and ran the lines of the property which he alleged belonged to him and which he desired to offer as security for said loan; that the property so pointed out were lots one to eight and lot thirteen of block one of East Nebraska Heights subdivision of S. W.¼ of S. E.¼ of N. W.¼ of Section 7, Township 29 South, Range 19 East; that the defendants

having title deeds to said property, complainants request-
ed them to execute a mortgage showing the correct de-
scription of the property; that a mortgage was executed,
the land being described therein as all of block one of
Benjamin's 3rd subdivision as per plat recorded in plat
book number 2, p. 21, Records of Hillsborough County,
Florida; that the said mortgage was duly executed by
defendants on December 7th, 1907, the consideration was
paid to them, the mortgage was duly recorded in Mort-
gage Book 9, p. 225, records of said county; that in addi-
tion to pointing out the said land, the defendant showed
complainants the improvements thereon, consisting of a
dwelling house, a barn, several out houses, fruit trees,
and assigned to complainants as additional security an
insurance policy on said dwelling house; that thereafter
at maturity of the mortgage, the complainants demanded
payment thereof, but payment was not made, and the
mortgage was foreclosed, the property described therein
was sold under a decree of foreclosure as block one of
Benjamin's 3rd subdivision, and the complainants bought
the said property at the foreclosure sale for eight hundred
dollars; that said defendants did not bid on same at said
sale; that thereafter a deficiency decree was entered
against defendants; that said Fisher thereupon com-
plained to complainant that they were taking his home
that was worth the amount of the mortgage, whereupon
complainants voluntarily agreed with Fisher, cancelled
the deficiency decree upon payment by Fisher of $325.00;
that defendant Fisher led complainants to believe the
mortgage they accepted embraced the lots pointed out by
him and which were lots one to eight and lot thirteen of
East Nebraska Heights subdivision, and relying upon the
knowledge and good faith of the said defendants, believed
the land pointed out to them and intended to be mort-

gaged was all of block one of Benjamin's 3rd subdivision at the time complainants accepted the mortgage and made the loan; that after the cancellation of the deficiency decree it was discovered that the mortgage did not embrace the lots pointed out by defendant, as intended to be mortgaged, but embraced a different tract of land; that defendants knew at the time they pointed out said land that its correct description thereof was not block one of Benjamin's 3rd subdivision, and they knew at the time of the execution of the mortgage and at the time of the sale and the cancellation of the deficiency decree that such was not the correct description and they fraudulently concealed the same for the purpose of defrauding complainants; that said W. A. Fisher is now the owner of lots one to eight and lot thirteen on East Nebraska Heights subdivision and said property is clear of incumbrance; that complainants tender to defendants a proper deed of conveyance of said block one of Benjamin's 3rd subdivision and allege that defendants should be required to convey to complainants the last described lots, in block one of East Nebraska Heights subdivision; that the lots actually mortgaged are worth about $300.00, for which complainants have paid $1350.00, and the lots intended to be mortgaged are worth about the sum complainants have paid; that defendant Fisher has no property out of which a judgment for the value of the land sought hereby could be satisfied.

The bill prayed the court to order and decree the land intended to be included in the mortgage to be lots one to eight and lot thirteen of block one of East Nebraska Heights subdivision and defendants convey to complainants the said land upon execution by complainants of a deed conveying all of block one of Benjamin's subdivision, and in event defendants fail so to do, the complainants

be decreed to hold all right, title, interest and claim of said defendants to said land. There was a prayer also for general relief.

The defendants filed an answer.

Testimony was taken and a final decree was entered as follows: "The above entitled cause coming on this day for hearing upon the pleadings and the Master's report, and the court having heard argument of counsel and considered the record and the testimony, and being advised that it has jurisdiction of the parties and of the subject matter of this cause, and the court being of opinion that whether it was the intention of the defendants at the time the mortgage mentioned in the bill of complaint was made to include in said mortgage the property which the complainants claim should have been included therein, to-wit: Lots one (1) to eight (8) and Lot Thirteen (13) of block One (1) of East Nebraska Heights Subdivision of the East Half of the Southwest quarter of the Southeast quarter of the Northwest quarter of Section Seven (7), in Township Twenty-nine (29) South, Range Nineteen (19) East, or whether it was the intention of the said defendants at the time the said mortgage was made, to give to the complainants a mortgage upon the property actually described in the said mortgage and mislead and deceive the complainants into accepting the mortgage upon the property last mentioned under the belief that they were obtaining a mortgage upon the property hereinabove particularly described, or whether it was the intention of all the parties that said mortgage should describe the lands hereinabove particularly described but was made to describe other lands through mutual mistake, makes no difference in a court of equity, for the reason that the defendant, W. A. Fisher, should not be permitted in this court to take advantage of his own wrong.

It is thereupon, upon consideration thereof, ORDERED, ADJUDGED AND DECREED, that the defendants within five days from the date hereof, pay or cause to be paid to the complainants the amount of the decree mentioned in the bill of complaint, with attorney's fees and costs therein mentioned, and with interest upon the total of said sums, less the sum of Three Hundred and Twenty-five (325.00) Dollars paid by the defendant, W. A. Fisher, to the complainants as alleged in the bill of complaint, and that upon failure to make the said payment within the time fixed as aforesaid, the said W. A. Fisher and L. M. Fisher his wife, and all persons, claiming by, through or under them subsequent to the commencement of this suit are hereby barred and forever foreclosed of all right, title and equity of redemption or interest whatsoever in and to the lands hereinabove particularly described.

It is further ORDERED, ADJUDGED AND DECREED that in the event the said defendants fail to pay to the complainants the amount of money adjudged to them in the preceding paragraph within the time aforesaid, the final decree of foreclosure in the cause mentioned in the bill of complaint wherein E. Villamil and J. B. Jackson were complainants and W. A. Fisher and L. M. Fisher, his wife, were defendants, as recorded in Book 13, page 294, Minutes of this Court, be corrected and reformed and the Master's deed made and executed on the 3rd day of November, A. D. 1908, by W. T. Martin, Master, to the complainants in this cause, and recorded in Deed Book 102, page 7, records of Hillsborough County, Florida, and the mortgage described in the bill of complaint herein made by the defendants to the complainants and as recorded in the records of Hillsborough County, Florida, in Mortgage Book 19, page 225, and all proceed-

ings in said foreclosure suit above described, be and they are hereby reformed and corrected as to the description of the property mentioned therein as the mortgaged premises as that the same shall read as follows:   Lots One (1) to eight (8) and Lot Thirteen (13) of block One (1) of East Nebraska Heights' Subdivision of the East Half of the Southwest quarter of the Southeast quarter of the Northwest quarter of Section Seven (7), Township Twenty-nine (29) South, Range Nineteen (19) East.

It is further ORDERED, ADJUDGED AND DECREED that within five (5) days from this date the complainants do make, execute and deliver to the defendants a deed conveying the interest of said complainants to said defendants in the following lands situate in Hillsborough County, Florida, to-wit:   Block One (1) of Benjamin's Third Subdivision, according to the plat thereof as recorded in the public records of Hillsborough County, Florida, and upon the failure of said complainants to make, execute and deliver the said deed, then and in that event this decree shall operate as a conveyance of said real estate from the complainants to the defendants, and that the said complainants and all persons claiming by, through or under them subsequent to the commencement of this suit be and they hereby are forever barred and foreclosed of all right, title and interest whatsoever in and to the said last mentioned lands."

Assuming that the testimony in this cause would authorize a reformation of the mortgage given by the defendants to the complainants on the ground of mistake or fraud, we think the chancellor erred in decreeing a reformation of the decree of foreclosure and the deed executed by the Master in pursuance of the foreclosure proceedings, and in decreeing that the defendants pay the amount stated in the decree and that upon failure so to do, the

defendants be debarred and forever foreclosed of all right and title and equity of redemption in and to certain described lots of land in East Nebraska Heights subdivision, which land was not included in the mortgage foreclosing and had not been ordered to be sold and was not in fact sold or conveyed to the complainants.

As the Court very clearly pointed out in Marks v. Taylor, 23 Utah, 470, 65 Pac. Rep. 203, the decree of the chancellor, if affirmed by this court, would invest the complainants with the title to property which was neither ordered to be sold, advertised or offered for sale or sold by the Master to them. It may be true that the *complainants* thought the property *intended* to be mortgaged was the property offered for sale, and evidently bid in the property with that understanding, but it does not appear that other bidders, if any other were present at the sale, had the same understanding. The property intended to be mortgaged was not offered for sale, but another and a much less valuable parcel of land covered by the mortgage was offered for sale and sold. If the more valuable property intended to be mortgaged had been offered for sale by the Master, it is not improbable that a higher bid than the complainants' bid would have been made by some other person. But be that as it may, the people of this State have declared in their Constitution that no person shall be deprived of property without due process of law. Even though the defendants may have intended to mortgage the land in East Nebraska Heights subdivision, the giving of a mortgage does not vest the legal estate in the mortgagee. A mortgage cannot be a present conveyance of the legal title, however it may become so by breach of conditions and the action of the courts. The title is transferred, as we said in McMahon v. Russell, 17 Fla. 698, in pursuance of the contract embraced in the

mortgage *by a judicial sale* decreed for the enforcement of the specific lien. Also see Louisville & N. R. Co. v. Wang, 61 Fla. 299, 55 South. Rep. 73. The mortgagor remains, until a sale, seized in fee. There has never been a decree for the enforcement of the lien on the property in East Nebraska Heights Subdivision nor a judicial sale thereof.

Undoubtedly the mortgage, upon sufficient showing, may be reformed so as to embrace the land in East Nebraska Heights Subdivision instead of the land in Benjamin's 3rd Subdivision, and the mortgage as reformed may be foreclosed. The Master's deed to the property that was actually embraced in the mortgage and sold and conveyed to the complainants may be cancelled. Thus the parties will be placed in the position they should occupy if the facts and the law justify. But where the incorrect description of the lands intended to be embraced in the mortgage, or in other words, the wrong land has been carried into the mortgage, the decree, notice of sale and Master's deed such proceedings may not be corrected as is attempted to be done here.

The question involved here has been considered by the courts many times. In a note by Mr. Freeman, in Stewart v. Wilson, 141 Ala. 405, 37 South. Rep. 550, 109 Am. St. Rep. 33, text 36, he says the cases are in hopeless conflict on this question. "Perhaps the better rule", says Mr. Freeman, "is that maintained by the cases which decide that such conveyances cannot be reformed in equity .............. The majority of the cases maintain that when a mortgage misdescribes the property intended to be mortgaged, the mistake may be corrected by a proper proceeding before judicial foreclosure, but if the mistake has been carried into a bill filed for the purpose of foreclosing such mortgage, into the decree ordering foreclosure, into the adver-

tisement and into the deed, the purchaser at such foreclosure sale cannot maintain a bill in equity to correct the description of the land as contained in the mortgage, in the decree and in the deed. Stephenson v. Harris, 131 Ala. 470, 31 South. Rep. 445; Rogers v. Abbott, 37 Ind. 138; Miller v. Kolb, 47 Ind. 220; Angle v. Speer, 66 Ind. 488; Conyers v. Mericles, 75 Ind. 443; Davenport v. Sovil, 6 Oh. St. 459."

In Stephenson v. Harris, 131 Ala. 470, 31 South. Rep. 445, the court said: "In the case in hand, if the relief prayed were granted, it would result in giving to complainant a title by decree to land that was not described in the bill to foreclose, not decreed to be sold, and not advertised and sold, nor conveyed by the register to him under the foreclosure decree. That part of it which was sold under the decree was no doubt, well sold, and may have been of comparatively small value to that not sold, and which complainant now proposes to take under a decree to be herein rendered. To do this, amendment and reformation from the beginning of the case under which the decree of foreclosure was entered would have to be made,—in the bill, mortgage, decree, sale, conveyance and confirmation of the decree. The judicial sale cuts this all off from the power of the court to deal with in this case."

We are not unmindful of the decisions by this court in Greely v. DeCottes, 24 Fla. 475, 5 South. Rep. 239; and Peck v. Osteen, 37 Fla. 427, 20 South Rep. 549. We think these cases differ in the facts from the instant case, but if the rule there announced differs from the views we express here, we do not approve it. As the decree must be reversed and we do not know what facts may develop or what questions may present themselves in the proceedings to reform the mortgage, we will content ourselves with what we have said.

31—Vol. 62

The decree is reversed.

TAYLOR and HOCKER, J. J., concur;

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.