NORTHCUTT, Judge.
Chandler and Shirley Lucas challenge a final summary judgment modifying a legal description in a mortgage, partial release of security agreement, and certificate of title. Barnett Bank of Lee County had previously foreclosed on a mortgage given by the Lucas-es, and had obtained title to the property at a foreclosure sale. The bank brought this new action to reform an erroneous legal description in all the previously-recited documents. We reverse because the trial court had no authority to correct the inaccurate legal descriptions without first canceling the certificate of title and setting aside the original foreclosure judgment.
None of the parties contest the, fact that the legal description in all the documents is incorrect. The metes and bounds description contains an erroneous distance and a mistaken course direction. As a result, the legal description does not close, and consequently *116 it does not describe an actual parcel of real estate. The Lucases admitted both the error and the correct legal description in response to requests for admission from Barnett.
When a mortgage contains an incorrect legal description, a court may correct the mistake before foreclosure. If, however, the mistaken legal description is not corrected before final judgment of foreclosure, and the mistake is carried into the advertisement for sale and the foreclosure deed, a court cannot reform the mistake in the deed and judgment; rather, the foreclosure process must begin anew. Fisher v. Villamil, 62 Fla. 472, 56 So. 559 (1911). The reason behind this policy is that, if the mortgage is not reforeclosed, the purchaser would have obtained title to a property that was not properly ordered for sale, advertised, or sold. While the mortgagee who bid its mortgage at the sale might have understood exactly what property was being offered, other potential bidders at the sale might not have had the same understanding. 62 Fla. at 479, 56 So. at 561. As the Fisher court noted, the mortgage may be reformed if a sufficient showing is made, and the reformed mortgage may be foreclosed. But first, the deed to the property must be canceled, and the original foreclosure judgment set aside, such that the parties are returned to their original status. 62 Fla. at 480, 56 So. at 561; cf. § 702.08, Fla. Stat. (1993).
We reverse the summary judgment reforming the mortgage, partial release of security agreement, and certificate of title. If Barnett wishes to pursue reformation[1] it must comply with procedures set out in Fisher.
Reversed.
QUINCE, A.C.J., and WHATLEY, J., concur.

. Under the old forms of pleading, an action to reform an incorrect legal description in a mortgage or deed was brought as a bill of review. Morton v. Smith, 133 Fla. 260, 183 So. 475 (1938). Florida Rule of Civil Procedure 1.540 abolished bills of review, and requires that relief from a judgment be pursued by motion or independent action, as stated in the rule. Equitable reformation of a mortgage can now be accomplished either by filing a motion in the original action under rule 1.540(b)(5), or by filing an independent equitable action to reform the documents. Fla. R. Civ. P. 1.540(b).