VAN NORTWICK, J.,
dissenting.
I respectfully dissent from the reversal of the trial court’s order that, inter alia, dismissed Wells Fargo’s foreclosure action without prejudice. In my view, governing Florida case law requires affirmance.
In Lucas v. Barnett Bank of Lee County, 705 So.2d 115, 115 (Fla. 2d DCA 1998), the Second District reviewed a final summary judgment that modified “a legal description in a mortgage, partial release of security agreement, and certificate of title,” when the mortgagor had previously obtained a final judgment of foreclosure and purchased the subject property at a foreclosure sale. The appealed modified judgment sought to correct an erroneous legal description of the subject property that was utilized in the original foreclosure judgment and related documents. Id.
Of particular importance for purposes of the disposition of the case under review, the court observed:
When a mortgage contains an incorrect legal description, a court may correct the mistake before foreclosure. If, however, the mistaken legal description is not corrected before final judgment of foreclosure, and the mistake is carried into the advertisement for sale and the foreclosure deed, a court cannot reform the mistake in the deed and judgment; *415 rather, the foreclosure process must begin anew. Fisher v. Villamil, 62 Fla. 472, 56 So. 559 (1911). The reason behind this policy is that, if the mortgage is not reforeclosed, the purchaser would have obtained title to a property that was not properly ordered for sale, advertised, or sold. While the mortgagee who bid its mortgage at the sale might have understood exactly what property was being offered, other potential bidders at the sale might not have had the same understanding. 62 Fla. at 479, 56 So. at 561. As the Fisher court noted, the mortgage may be reformed if a sufficient showing is made, and the reformed mortgage may be foreclosed. But first, the deed to the property must be canceled, and the original foreclosure judgment set aside, such that the parties are returned to their original status. 62 Fla. at 480, 56 So. at 561; cf. § 702.08, Fla. Stat. (1993).
Id. at 116. Applying the above rule, the Second District reversed the summary judgment reforming the mortgage and related documents. Id.
The majority characterizes Fisher and Lucas as requiring that the parties should be returned to their pre-judgment, post-pleading positions. Respectfully, the majority misreads these cases. In my mind, the key proposition to be gleaned from both Fisher and Lucas is that a mistake in the legal description of a foreclosed property cannot be corrected or reformed if the mistake is not corrected prior to entry of final judgment of foreclosure and that, in such a situation, “the foreclosure process must begin anew.” Id. Importantly, this proscription is not limited in application to cases in which a separate proceeding seeks to reform an erroneously described property after final judgment of foreclosure. It is not apparent to me why the holding from Fisher and Lucas should not be applied where, as here, a party files a post-judgment motion in the foreclosure case seeking to correct an erroneous legal description.
Returning to the plain language from the case law, “begin anew” is commonly and reasonably understood to mean to restart from the beginning. Because this case began with the filing of a foreclosure complaint, it seems logical that in order to “begin anew,” the bank would be required to file a new complaint with a correct legal description of the subject real property. Recasting the parties to the positions they occupied at any other point ignores, in my opinion, the plain language from Fisher and Lucas.
Here, Wells Fargo did not seek reformation of the incorrect legal description prior to the entry of the final judgment of foreclosure. Although by dismissing the case the trial court took action that was not specifically requested by Wells Fargo, the appealed order did grant the relief the bank requested, i.e., vacating the erroneous judgment and other papers. The trial court’s sua sponte action, furthermore, could reasonably be interpreted as “such other the [sic] further relief that is appropriate,” as requested in Wells Fargo’s motion to vacate. Because the appealed order stemmed from Wells Fargo’s own motion to vacate, the present case is distinguishable from cases such as BAC Home Loans Servicing, Inc. v. Headley, 130 So.3d 703 (Fla. 3d DCA 2013), where unrequested relief was inappropriately granted against a non-pleading party.
In my view, the trial court was correct in dismissing the entire action and returning the parties “to their original status,” which I perceive to be the statuses they maintained before the case was initiated, because “the legal description [did] not close, and consequently it does not *416 describe an actual parcel of real estate.” Lucas, 705 So.2d at 115-16.
Finally, I recognize that allowing Wells Fargo to file an amended complaint with a correct legal description, as opposed to filing an entirely new complaint, would allow the bank to avoid some potential complications outlined in the answer brief. However, Wells Fargo would not be confronted with any foreclosure-related complications if it had simply used the correct legal description in its original filings. Put another way, Wells Fargo’s error led to the current state of affairs, yet it now wants to be relieved of responsibility for its error. In spite of whatever complications could arise upon the filing anew of a foreclosure complaint, because the dismissal was without prejudice, the way remains open for Wells Fargo to correct the error that derailed the original foreclosure litigation.
Accordingly, I respectfully dissent.