DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FEDERAL NATIONAL MORTGAGE ASSOCIATION,**
Appellant,

v.

**ASTRID SANCHEZ, BOTANICA/SEA PLUM MASTER ASSOCIATION, INC., SANDPIPER COVE AT BOTANICA CONDOMINIUM ASSOCIATION, INC.,** and **CARLOS NAVAS,**
Appellees.

No. 4D14-3850

[March 9, 2016]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Diana Lewis, Judge; L.T. Case No. 50 2009CA042296XXXXMB.

William David Newman Jr. of Choice Legal Group, P.A., Fort Lauderdale, for appellant.

No appearance for appellees.

LEVINE, J.

The lower court entered a final judgment of foreclosure in favor of the appellant, Federal National Mortgage Association ("Fannie Mae"), after the homeowner defaulted. Following a foreclosure sale and the issuance of the certificate of title, Fannie Mae discovered a defect in the subject property's legal description. Fannie Mae then moved to vacate the final judgment, foreclosure sale, and certificate of title because they contained the incorrect legal description.

The lower court granted Fannie Mae's motion to vacate. However, it also sua sponte dismissed the case without prior notice and without giving a reason for dismissing. Fannie Mae moved for rehearing, which the lower court summarily denied.

On appeal, Fannie Mae argues the dismissal deprived it of due process because dismissal was entered without notice or an opportunity to be

heard. It asserts that the lower court should have vacated the requested orders so that Fannie Mae could reform the mortgage. We agree.

Our review of whether the lower court complied with the requirements of due process is de novo. *Flegal v. Guardianship of Swistock*, 169 So. 3d 278, 281 (Fla. 4th DCA 2015).

Due process requires notice and an opportunity to be heard prior to dismissal. *See Liton Lighting v. Platinum Television Grp. Inc.*, 2 So. 3d 366, 367 (Fla. 4th DCA 2008). Here, neither Fannie Mae nor any other party requested that the court dismiss the case. Additionally, the lower court did not provide Fannie Mae notice of its intent to dismiss or allow for an opportunity to be heard prior to dismissal. Fannie Mae was therefore denied due process.

We next consider whether the correction of a legal description requires dismissal. We begin with the following statement of law:

> When a mortgage contains an incorrect legal description, a court may correct the mistake before foreclosure. If, however, the mistaken legal description is not corrected before final judgment of foreclosure, and the mistake is carried into the advertisement for sale and the foreclosure deed, a court cannot reform the mistake in the deed and judgment; rather, the foreclosure process must begin anew.

*Epstein v. Bank of Am.*, 162 So. 3d 159, 162 (Fla. 4th DCA 2015) (quoting *Lucas v. Barnett Bank of Lee Cnty.*, 705 So. 2d 115, 116 (Fla. 2d DCA 1998)).

The court in *Wells Fargo Bank, N.A. v. Giesel*, 155 So. 3d 411 (Fla. 1st DCA 2014), addressed the question of whether beginning anew requires dismissal and the filing of a new complaint. In *Giesel*, much like this case, a bank discovered it had used an incorrect legal description when it foreclosed on a property. The bank moved to vacate the final judgment, judicial sale, and certificates of sale and title. The trial court granted the motion to vacate and then sua sponte dismissed the case without due process. On appeal, the court reversed.

The *Giesel* court discussed how parties must be returned to their "'original status'" "because the sale was premised upon the erroneous legal description and other potential bidders may have acted in reliance on that description." *Id.* at 413 (quoting *Lucas*, 705 So. 2d at 116). However, returning parties to their "original status" does not require dismissal of the

2

entire case because the plaintiff can simply amend the complaint to correct the erroneous legal description. *Id.* at 414. *See also Lucas*, 705 So. 2d at 116 ("[T]he mortgage may be reformed if a sufficient showing is made, and the reformed mortgage may be foreclosed. But first, the deed to the property must be canceled, and the original foreclosure judgment set aside, such that the parties are returned to their original status.").

We agree with the analysis in *Giesel*. Therefore, in the present case, because the attempted reformation followed the final judgement and judicial sale, the trial court could not simply reform the judgment and deed. Rather, reformation required vacating the final judgment, judicial sale, and issuance of title, which is exactly what Fannie Mae requested. Because dismissal of the entire action was unwarranted, the lower court erred.

We reverse that portion of the trial court's order dismissing the case and remand for further proceedings consistent with this opinion.

*Reversed and remanded.*

GROSS and CONNER, JJ., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**