[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-15513
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cv-61911-UU


U.S. BANK NATIONAL ASSOCIATION,
as Trustee successor in interest to Bank of America,
National Association as Trustee as successor by
merger to LaSalle Bank and WAMU Mortgage Pass
Through Certificates Series 2007-HYS Trust,

                                        Plaintiff - Appellant,

versus

HANS HENNING LARSEN,
SHARON JANICE WALKER,
VILLAS OF PEMBROKE LAKES ASSOCIATION, INC.,
UNKNOWN TENANTS,
NOVA PROPERTIES, LLC, et al.,

                                        Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 25, 2018)

Before MARCUS, MARTIN, and ROSENBAUM, Circuit Judges.

PER CURIAM:

U.S. Bank National Association appeals the grant of summary judgment in favor of Max and Smadar Hefter in its action relating to a parcel of real property owned by the Hefters. U.S. Bank argues the district court erred in holding the doctrines of merger and res judicata barred it from foreclosing on the Hefters' parcel, when that parcel's legal description was left off of a mortgage already foreclosed upon by U.S. Bank. After careful review, we affirm.

I.

This case is about two parcels of land in Florida, referred to as the "Vacant Parcel" and the "Improved Parcel." The Vacant Parcel has no structures, while the Improved Parcel has a house and a barn on it. In 2004, Hans Larsen and his wife, Sharon Walker, purchased the Improved Parcel. In 2005, Larsen alone purchased the Vacant Parcel. Then, Larsen and Walker mortgaged both properties in the amount of $980,000. In 2007, Larsen and Walker refinanced the loan, executing a note and new mortgage in the amount of $1.3 million. U.S. Bank's predecessor trustee held both the note and the new mortgage.

The old mortgage included the legal descriptions of both the Vacant and Improved Parcels. But the new mortgage listed only the legal description of the Vacant Parcel. It is true that the new mortgage contained some ambiguities as to

2

what property it covered, containing the parcel number of the Improved Parcel (not the Vacant Parcel), and an address that served both parcels. The parties to the new mortgage all agree that it was intended to encumber both the Vacant and Improved Parcels.

In July 2008, Larsen and Walker executed a quitclaim deed conveying the Improved Parcel to Larsen alone. Larsen then defaulted on the mortgage. As a result, U.S. Bank's predecessor trustee filed a state court action to foreclose the mortgage. The predecessor trustee also filed a notice of lis pendens, which included the legal description of only the Vacant Parcel, matching the legal description in the mortgage. In March 2014, U.S. Bank entered into a settlement agreement with Larsen, who consented to a final judgment of foreclosure with a waiver of deficiency. In April 2014, a judgment of foreclosure was entered in favor of U.S. Bank for $1,853,687.49. In September 2014, U.S. Bank got a title certificate that included the legal description of only the Vacant Parcel.

In November 2015, Larsen conveyed the Improved Parcel to Nova Properties, LLC for $25,000. The Hefters are the sole managing members of Nova Properties. Larsen said he told the Hefters that the Improved Parcel was encumbered and belonged to U.S. Bank before transferring it. The Hefters deny being told about any potential encumbrance. In December 2015, Nova Properties conveyed the Improved Parcel to the Hefters. U.S. Bank introduced expert

3

testimony suggesting that fair market value of the Improved Parcel at the time it was sold to Nova Properties was $460,000—close to 20 times what Nova Properties paid for it.

At some point, U.S. Bank realized it only had title to the Vacant Parcel, which its expert estimated to have fair market value of merely $48,000.  But U.S. Bank did not seek to modify or vacate the state court foreclosure judgment. Instead, in August 2016, U.S. Bank brought suit against the Hefters in federal court.[1]  U.S. Bank sought (1) declaratory relief that it holds a valid enforceable mortgage against the Improved Parcel; (2) reformation of the mortgage to include the legal description of the Improved Parcel; and (3) foreclosure of the mortgage against the Improved Parcel.  In the alternative, U.S. Bank sought foreclosure of an equitable lien and to set aside the settlement agreement with Larsen.

On October 13, 2017, the Hefters moved for summary judgment.  The district court granted the Hefters' motion for summary judgment, determining that U.S. Bank's claims were barred by the doctrines of merger and res judicata.  This appeal followed.

## II.

We review de novo a district court's grant of summary judgment.  Edward Lewis Tobinick, MD v. Novella, 848 F.3d 935, 943 (11th Cir. 2017).  The grant of

---

[1] U.S. Bank initially brought suit against a number of other parties as well, but only claims against the Hefters remain for purposes of this appeal.

summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Questions of law, including the application of the doctrines of merger and res judicata, are reviewed de novo. See Batchelor-Robjohns v. United States, 788 F.3d 1280, 1284 (11th Cir. 2015).

III.

Under Florida law, the doctrine of merger provides that "the cause of action on the debt and damages recoverable on it merge into any judgment entered on the cause of action." Whitehurst v. Camp, 699 So. 2d 679, 682 (Fla. 1997) (per curiam). After a foreclosure, then, "[t]he mortgage is merged into the judgment, is thereby extinguished, and loses its identity." Nack Holdings, LLC v. Kalb, 13 So. 3d 92, 94 n.2 (Fla. 3d DCA 2009) (quotation omitted). Once a mortgage has merged into a judgment, no further action can be taken on the mortgage unless the foreclosure judgment is vacated. Aluia v. Dyck-O'Neal, Inc., 205 So. 3d 768, 775 n.4 (Fla. 2d DCA 2016).

The district court determined that the doctrine of merger barred U.S. Bank's claims. Because the mortgage was extinguished when the state court judgment became final, the district court found that U.S. Bank could not seek modification of the mortgage by way of a federal court action. U.S. Bank argues that merger does not foreclose its claims because Florida has long recognized that when a mortgage

5

covers multiple parcels, the mortgage holder is not required to foreclose on all the parcels at once.  U.S. Bank says the mortgage should be read to encumber both the Vacant Parcel and the Improved Parcel, and that its previous decision to foreclose on the Vacant Parcel should not prevent it from now foreclosing on the Improved Parcel.  This argument fails.

The doctrine of merger clearly prohibits a federal action by U.S. Bank to correct an error in the legal description of the property encumbered by the already-foreclosed-upon mortgage.  We find Lucas v. Barnett Bank of Lee County, 705 So. 2d 115 (Fla. 2d DCA 1998), to be persuasive on this point.  In that case, the court wrote:

> When a mortgage contains an incorrect legal description, a court may correct the mistake before foreclosure.  If, however, the mistaken legal description is not corrected before final judgment of foreclosure, and the mistake is carried into the advertisement for sale and the foreclosure deed, a court cannot reform the mistake in the deed and judgment; rather, the foreclosure process must begin anew.

Id. at 116.  To the extent U.S. Bank seeks reformation of the now-extinguished mortgage, first, "the deed to the property must be canceled, and the original foreclosure judgment set aside, such that the parties are returned to their original status."  Id.

In an attempt to avoid this result, U.S. Bank seems to argue it is not seeking reformation of the mortgage but instead a declaration that the mortgage always should have been read to cover both parcels.  In support, U.S. Bank cites a number

6

of cases involving mortgages covering multiple parcels or involving multiple lienholders, in which Florida courts allowed foreclosures to be brought in separate, sequential actions.  But it is not obvious from the face of U.S. Bank's mortgage that it was intended to encumber two separate parcels.  The mortgage contained the legal description of one parcel: the Vacant Parcel.  And while U.S. Bank points to some ambiguities in the mortgage documents that could have alerted a close reader to an error in the legal description, U.S. Bank did not raise those ambiguities with the state court.  In fact, the title certificate issued to U.S. Bank mirrored the legal description in U.S. Bank's mortgage.  This effectively resolved any ambiguity about what property the mortgage encumbered in favor of what was included in the legal description.  To the extent U.S. Bank's mortgage contained an erroneous legal description, U.S. Bank should have raised this issue with the state court before the final judgment of foreclosure, or through a motion to vacate that judgment.  See id.

The district court was correct in holding that the doctrine of merger bars U.S. Bank's claims seeking to reopen proceedings on a mortgage that has been merged in its entirety into a judgment.  We do not therefore reach that court's alternate holding that U.S. Bank's claims were also barred by the doctrine of res judicata.

**AFFIRMED.**

7