DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**COMPREHENSIVE SPINE CENTER, PLLC** a/a/o **ROY GARNER,**
Appellant,

v.

**EQUITY INSURANCE COMPANY,**
Appellee.

No. 4D21-517

[October 27, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Betsy Benson, Judge; L.T. Case Nos. CACE20-19075 and COCE-20-18625.

John C. Daly, Matthew C. Barber and Christina M. Kalin of Daly & Barber, P.A., Plantation, for appellant.

Thomas L. Hunker and Virginia A. Paxton of Hunker Appeals, P.A., Fort Lauderdale, for appellee.

DAMOORGIAN, J.

Comprehensive Spine Center, PLLC ("the Provider") appeals the county court's order dismissing its case without prejudice. Concluding that the county court erred by dismissing the case without giving prior notice or the opportunity to be heard, we reverse.

By way of background, Roy Garner, the insured, received treatment from the Provider for injuries he sustained in a car accident. The Provider obtained an assignment of PIP benefits under the insured's policy with Equity Insurance Company ("the Insurer") and submitted bills for reimbursement. After the Insurer refused to issue payment for all sums billed, the Provider brought a breach of contract action against the Insurer.

The Insurer moved to dismiss the complaint on the basis that the Provider failed to attach the assignment of benefits to the complaint as required under Florida Rule of Civil Procedure 1.130. On the day the motion was scheduled to be heard, the parties reached an agreement and submitted an agreed order with the court granting the motion to dismiss

and giving the Provider twenty days to amend the complaint. The county court thereafter entered the agreed order. There is no language in the agreed order providing that failure to file an amended complaint within the stated timeframe would result in dismissal of the action without further notice. After the Provider apparently failed to file an amended complaint within the stated timeframe, the county court *sua sponte* dismissed the action without prejudice for failure to comply with the agreed order. It is undisputed the county court did not provide notice or an opportunity to be heard prior to dismissing the action. This appeal follows.[1]

"Due process requires notice and an opportunity to be heard prior to dismissal." *Fed. Nat'l Mortg. Ass'n v. Sanchez*, 187 So. 3d 341, 342 (Fla. 4th DCA 2016); *see also Crescenzo v. Marshall*, 199 So. 3d 353, 355–56 (Fla. 2d DCA 2016) ("[A] court's failure to provide notice of its intent to dismiss or allow for an opportunity to be heard prior to dismissal violates the plaintiff's due process rights." (citation and internal quotation marks omitted)). This includes when a court *sua sponte* dismisses an action for failure to timely amend a complaint. *See Neu v. Turgel*, 480 So. 2d 216, 217 (Fla. 3d DCA 1985) (holding, in the context of dismissal with prejudice, that "[o]nce a court has dismissed a complaint with leave to amend, it cannot subsequently dismiss with prejudice for failure to timely amend unless (1) separate notice is given to plaintiff of the hearing on the motion to dismiss with prejudice, or (2) the order dismissing the complaint with leave to amend specifically provides that on failure to amend within the stated time, the cause will be dismissed without further notice").

In the present case, the county court did not provide the Provider notice of its intent to *sua sponte* dismiss the case or allow for an opportunity to be heard prior to dismissal. Moreover, the agreed order did not include language that failure to timely file an amended complaint would result in dismissal without further notice. The Provider was therefore denied due process. *See Fed. Nat'l Mortg. Ass'n*, 187 So. 3d at 342.

*Reversed and remanded.*

---

[1] Although the order dismissed the action "without prejudice," the order was final in nature as the intent of the order was clearly to bring an end to the judicial labor in the action. *See Mekertin v. Winn Dixie Stores, Inc.*, 869 So. 2d 1286, 1288 (Fla. 4th DCA 2004) (recognizing that although the phrase "without prejudice" generally indicates that an order is not final, the order is nonetheless appealable where "[i]t is clear that the order was intended to be without prejudice to file another action, rather than to amend the complaint in the first action"). As such, the order is a final, appealable order.

2

GROSS AND MAY, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***