DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TRAUMA & REHAB ASSOCIATES** a/a/o **SIRIENA THOMPSON,**
Appellant,

v.

**ESURANCE PROPERTY AND CASUALTY INSURANCE COMPANY,**
Appellee.

No. 4D21-961

[May 25, 2022]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Ellen Feld, Judge; L.T. Case No. COWE18-12218.

Christina M. Kalin and John C. Daly of Daly & Barber, P.A., Plantation, for appellant.

Mark D. Tinker of Cole, Scott & Kissane, P.A., Tampa, for appellee.

PER CURIAM.

This appeal arises from an action by Trauma Rehab & Associates (the provider), as assignee for Siriena Thompson (the insured), to recover from Esurance Property & Casualty Insurance Company (the insurer) under the terms of the personal injury protection (PIP) provisions of the insured's automobile insurance policy. The county court sua sponte dismissed the action without prejudice[1] based on noncompliance with a pretrial order setting certain litigation deadlines—specifically, the directive requiring the parties to file a joint pretrial stipulation by a date certain. We reverse the order of dismissal on the authority of *Comprehensive Spine Center, PLLC*

---

[1] Like the order on appeal in *Comprehensive Spine Center*, the order on appeal in this case was final in nature, even though the county court had described the order as "without prejudice," because the order brought an end all judicial labor in the action in which it was entered, and "without prejudice" simply referred to the possibility of refiling a new action in a new case. *See Comprehensive Spine Center*, 330 So. 3d at 37 n.1 (order dismissing action "without prejudice" was a final appealable order where "the intent of the order was clearly to bring an end to all judicial labor in the action" without prejudice to the refiling of a new action).

*v. Equity Insurance Company*, 330 So. 3d 35 (Fla. 4th DCA 2021), because entry of the order violated the provider's procedural due process rights.

The county court in this case entered a pretrial order establishing a date certain for the filing of a joint pretrial stipulation. This order never specifically advised the provider that dismissal of the action would be imposed as a sanction in the event of noncompliance with its terms. While the order made clear that sanctions, including dismissal, could result from noncompliance with the deadline for filing the joint pretrial stipulation, the order never specifically stated that dismissal of the action would result without further notice to the parties in the event of noncompliance. After the deadline established by the pretrial order passed without the parties' compliance with its terms, the trial court sua sponte dismissed the action without giving the provider either notice or an opportunity to be heard as to the appropriateness of the sanction of dismissal.

In *Comprehensive Spine Center*, we reversed a similar sua sponte dismissal of a PIP benefits lawsuit initiated by a medical treatment provider, as an assignee for an insured motorist. *Id.* at 37. The trial court's sua sponte dismissal in that case was predicated on the provider's failure "to file an amended complaint within [a] stated timeframe" set forth in an order granting it leave to amend. *Id.* However, the trial court in *Comprehensive Spine Center* never gave the provider either notice that dismissal would be the sanction for noncompliance with the order granting leave to amend, or an opportunity to be heard as to whether dismissal was an appropriate sanction for noncompliance with the terms of the order. *Id.* ("[C]ounty court did not provide notice or an opportunity to be heard prior to dismissing the action."). As a result, we concluded that the medical treatment provider was denied due process such that reversal was required. *Id.*

In this case, the trial court similarly failed to give the provider either notice that the sanction of dismissal would be imposed, or an opportunity to be heard as to the appropriateness of such a sanction.

We therefore reverse the order of dismissal, as we did in *Comprehensive Spine Center*, because the provider's due process rights were violated by the trial court's sua sponte dismissal of the action. *See id.* ("'Due process requires notice and an opportunity to be heard prior to dismissal.'" (quoting *Fed. Nat'l Mortg. Ass';n v. Sanchez*, 187 So. 3d 341, 342 (Fla. 4th DCA 2016))).

*Reversed and remanded for further proceedings.*

2

KLINGENSMITH, KUNTZ and ARTAU JJ., concur.

\* \* \*

*Not final until disposition of timely filed motion for rehearing.*